(116 So. 147)

### ALABAMA MARBLE CO. v. JONES.
### (6 Div. 993.)

Supreme Court of Alabama.    March 22, 1928.

1. **Master and servant ⬗⟹398—Copy of verified complaint; filed and served on employer within 90 days after injury, cannot serve purpose of written notice (Code 1923, §§ 7568, 7569, 7578).**

A copy of the verified complaint filed in court under Code 1923, § 7578, served on employer within 90 days after employee's injury, cannot serve the purpose of the written notice required by sections 7568, 7569.

2. **Master and servant ⬗⟹398—Employer's answers to interrogatories held insufficient to dispense with notice of employee's injury required within 90 days (Code 1923, §§ 7568, 7569).**

Employer's answers to interrogatories, even if his knowledge of employee's injury were inferable from them, *held* not sufficient to dispense with the notice required, by Code 1923, §§ 7568, 7569, to be given employer, where not indicating that the employer had had such knowledge within 90 days of the injury.

3. **Master and servant ⬗⟹398—To dispense with statutory written notice, employer must have had actual knowledge of injury within 90 days thereof (Code 1923, §§ 7568, 7569).**

In order to dispense with the statutory written notice to the employer of employee's injury as required by Code 1923, §§ 7568, 7569, the employer must have had actual knowledge of the injury within 90 days thereof.

Petition of the Alabama Marble Company for certiorari to the circuit court of Jefferson county to review the judgment and finding of that court in a proceeding under the Workmen's Compensation Act by J. O. Jones against the petitioner.    Reversed and remanded.

See, also, 216 Ala. 272, 113 So. 240.

J. P. Mudd and L. D. Gardner, Jr., both of Birmingham, for appellant.

There is no evidence in the bill of exceptions to support the finding that the defendant had proper notice or knowledge of the death of plaintiff's son and the plaintiff's claim for compensation therefor.    Sloss, etc., Co. v. Keefe, 216 Ala. 379, 113 So. 400; Ex parte Big Four Coal Min. Co., 213 Ala. 305, 104 So. 764; Morin's Case, 122 Me. 338, 120 A. 44.    The requirement of notice or knowledge is not satisfied by proof of service of the complaint.

Ewing, Trawick & Clark, of Birmingham, for appellee.

Knowledge of injury to an employee dispenses with notice thereof to the employer. Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756; Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648.

BOULDIN, J.    This is an "appeal by certiorari" to review the award of compensation to dependents of a deceased employee under the Workmen's Compensation Law.

[1] A copy of the verified complaint filed in court under Code, § 7578, served on the employer defendant within 90 days after the injury, cannot serve the purpose of the written notice required by Code, §§ 7568, 7569.

By the terms of the statute the complaint must aver knowledge or notice, and must be verified as a fact.    This does not mean the giving of a future notice by service of a copy of the verified complaint.    One aim of the notice under the statute is to give opportunity to investigate and adjust the claim without suit, and looks to a court proceeding in case of controversy.

The bill of exceptions, purporting to contain all the evidence, shows no written notice other than by service of a copy of the complaint.    As we read his findings the trial judge does not find knowledge or notice in any other manner.

[2] If we look for evidence of knowledge, nothing appears except answers of defendant to interrogatories to the effect that deceased received personal injury while working for defendant, which resulted in death.    These answers were made some weeks after suit brought and the expiration of the 90 days from the date of the accident.

[3] If these answers can be construed to warrant an inference of such knowledge as the law requires, they are utterly silent as to when such knowledge came to defendant. This must be within the same limit of time as the statutory notice in writing and before suit brought by verified complaint.    Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756.

For the entire lack of evidence of notice or

---

⬗⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

knowledge, the judgment must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.