184 So. 201

**SLOSS–SHEFFIELD STEEL & IRON CO. v. WATTS et al.**

**6 Div. 241.**

Supreme Court of Alabama.

June 23, 1938.

Rehearing Granted Oct. 20, 1938.

Further Rehearing Denied Nov. 10, 1938.

Mayfield & Mayfield, of Tuscaloosa, for appellees.

ANDERSON, Chief Justice.

Action by the plaintiff for compensation for herself and dependent children under the "Workmen's Compensation Act", Code 1923, § 7534 et seq., for the death of her husband, an employe of the defendant.

■■ While technical rules as to pleading are not required in actions of this charter, the present complaint should have more accurately charged that the "Plaintiff's intestate", instead of the "plaintiff", was employed, injured, etc., yet, considering the complaint in its entirety, the only reasonable meaning of same is that the plaintiff's intestate, her husband, was employed, injured,

Bradley, Baldwin, All & White and Kingman C. Shelburne, all of Birmingham, for appellant.

638

etc. This defect was amendable and we find no ground of demurrer that specifically raised the point. Moreover, the record discloses that the case throughout was tried upon the sole theory that the action was for the death of plaintiff's husband who was employed by the defendant and who was injured in the course of his employment. We think this a proper case for the application of Rule 45.

■ True, the statute requires written notice of the injury and the facts connected therewith and which does not appear to have been given, but it has been uniformly held that it is not a condition precedent if it appears that the employer had independent knowledge of same. Sloss-Sheffield Steel & Iron Co. v. Keefe, 217 Ala. 409, 116 So. 424. Nor will this court disturb the finding of the trial court if there is any evidence tending to show knowledge. American Radiator Co. v. Andino, 217 Ala. 424, 116 So. 121. We think there was evidence to support the holding of the trial court, that the defendant had knowledge of the accident, independent of written notice from the plaintiff. Foster, who seems to have had some direction or superintendence over the intestate and who ordered him to go where he was injured, saw him immediately after he was hurt. But, conceding that this of itself did not suffice, it appears that Harper, the superintendent, had acquired knowledge of the injury and procured a statement from an eye witness to the accident.

■ We also think that the evidence afforded a reasonable inference to support the finding of the trial court that the injury sustained by the intestate proximately caused "tetanus" or lockjaw which resulted in his death. If there is evidence supporting the trial court upon the conclusion as to the facts, this court will not, upon certiorari, disturb said conclusion as the weight of the evidence was within the province of the trial court. Hearn v. United States Cast Iron Pipe & Foundry Co., 217 Ala. 352, 116 So. 365; Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837; Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7.

The writ is denied and the judgment of the circuit court is affirmed.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.

Upon Rehearing.

ANDERSON, Chief Justice.

■ Movant challenges the accuracy of our holding that the defendant had actual knowledge of the accident and injury and which dispensed with the necessity of a written notice. We concede that what was said as to Foster's knowledge was merely arguendo and that he was not intrusted with such superintendency or authority as to make his knowledge binding on the defendant. In the original opinion the knowledge of the defendant was based upon the information obtained by Harper from John Moody, and which was introduced by the defendant. We, however, overlooked the fact that the statement was not dated and the evidence fails to show that Harper obtained knowledge of the accident and injury within the time required. While we have held that the written notice can be dispensed with when actual knowledge of the employer is shown, it is essential that the knowledge must have been acquired within the time required for the written notice. Alabama Marble Co. v. Jones, 217 Ala. 300, 116 So. 147; Ex parte Stith Coal Company, 213 Ala. 399, 104 So. 756.

■ The plaintiff was required to aver and prove notice or knowledge. Code, §§ 7578, 7568 and 7569. Alabama Marble Co. v. Jones, supra; Ex parte Stith Coal Co., supra. The general denial of the answer was sufficient to make an issue as to notice or knowledge and to require proof of same by the plaintiff. Ex parte Coleman, 211 Ala. 248, 100 So. 114. Want of notice or knowledge is not such a defense as must be specially pleaded and is unlike the defense dealt with in Southern Cement Co. v. Walthall, 217 Ala. 645, 117 So. 17. True, the defendant's answer does not seem to have been verified as required by Section 7578, but no point was made as to the sufficiency of same.

The plaintiff having failed to prove notice or knowledge within the time required by the statute, and as the bill of exceptions purports to contain all of the evidence, the rehearing is granted, the judgment of affirmance is set aside, the writ is awarded and the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.