83 So.2d 726

**Fred HERNDON**

v.

**Ruth H. SLAYTON.**

**2 Div. 354.**

Supreme Court of Alabama.

Nov. 28, 1955.

Ira D. Pruitt, Livingston, and Vickers & Thornton, Mobile, for appellee.

B. J. Dryer, Woodward, for appellant.

**MAYFIELD, Justice.**

We granted certiorari to review the trial Court's judgment awarding compensation to Ruth H. Slayton, the wife of the defendant's deceased employee, Milton L. Slayton. The application for certiorari was filed on behalf of the defendant, Fred Herndon, in whose employment Milton L. Slayton was working at the time he met his death by accident.

The sole issue here involved is whether or not the plaintiff's rights and the defendant's liabilities were governed by the Workmen's Compensation Act at the time this cause of action arose.

A short résumé of the salient facts surrounding the circumstances of the deceased's employment are necessary to an understanding of our decision. The defendant Herndon was engaged in the plumbing and electrical contracting business in Eutaw, Alabama. He held a contract to do certain electrical work in connection with auxiliary buildings used as an adjunct to the Eutaw High School Athletic Field. The defendant had wired these buildings but, under his contract, it was necessary to connect this wiring to the football field lighting poles. These poles were approximately 65 feet in height and the services of a skilled linesman to climb these poles to a height of approximately 55 feet was necessary in order to make the proper electrical connections.

The only employee that Mr. Herndon had who was qualified to do this work was incapacitated at the time it became necessary to make the connection between the buildings and the lighting poles.

A Mr. Higginbotham who had eleven years experience in Eutaw with the Alabama Power Company, and who had formerly done some work for Mr. Herndon, was contacted by the defendant with reference to performing this service. The defendant Herndon clearly constituted Mr. Higginbotham his agent for the purpose of securing the services of qualified linesmen to do this work. Mr. Herndon's own testimony is that he so constituted Mr. Higginbotham his agent:

"Q. Did you enter into an agreement with Mr. Slayton, the deceased, as to some work on that project? A. (by Mr. Herndon) I didn't directly enter into an agreement with Mr. Slayton. I done my business with Mr. Higginbotham. He acted as agent for me."

Mr. Herndon seems to have had great confidence in Mr. Higginbotham and left up to him the selection of the linesmen, their qualifications and the terms of their employment, which was fixed at $3.50 an hour with an additional stipulation that transportation to Demopolis be furnished to them.

Mr. Higginbotham, at Mr. Herndon's request, obtained the services of Mr. Slayton, the deceased, and Mr. Henry. All of the evidence in the case is to the effect that at the time Mr. Higginbotham obtained the services of Mr. Slayton and Mr. Henry that they queried him as to whether or not the defendant was operating under the Workmen's Compensation Law. The following testimony was given by Mr. Higginbotham at the trial in the presence of Mr. Herndon, who in no way denied it:

"Q. Will you state whether or not Mr. Herndon had Workmen's Compensation Insurance at the time? A. Yes, sir.

"Q. How do you know that? A. I'd worked with him before and knew he carried it, and I also told the other boys he carried it.

"Q. You knew he carried it before this? A. Yes, sir.

"Q. And you told Mr. Henry and Mr. Slayton he had Workmen's Compensation Insurance and they would be covered by it? A. Yes, sir.

\* \* \* \* \* \*

"Q. And you based your statement on Mr. Herndon's statement to you? A. Yes, sir."

The defendant had previously availed himself of the services of Mr. Higginbotham. Linesmen are highly skilled laborers. They work at a dangerous occupation and are conscious of the hazards to which they are subjected. Mr. Slayton and Mr. Henry, in their regular employment with the Alabama Power Company, were covered by the Workmen's Compensation Act, and we do not think it unusual that they would have inquired as to compensation coverage prior to undertaking the hazardous job which resulted in Mr. Slayton's death.

After they accept the employment, Mr. Higginbotham climbed one pole, Mr. Henry another pole and Mr. Slayton the third. Mr. Herndon told these men, in general terms, what he wanted done, but did not advise or direct them as to the manner in which the service was to be performed. About twenty-five or thirty minutes after these linesmen started their work Mr. Slayton's safety belt broke, he fell to the earth and died shortly thereafter. Upon seeing Mr. Slayton fall, Mr. Herndon ran to the stadium gate, found an automobile with the keys in it and brought a doctor to attend Mr. Slayton.

The cause was heard on the verified complaint, as amended, of the petitioner Ruth H. Slayton, and the verified answer of the defendant Herndon. The learned trial judge heard the witnesses in open court. The evidence is conclusive that, at the time of Mr. Slayton's death, the relationship of employer and employee existed between him and the defendant, and that Mr. Herndon was guilty of no negligence in connection with Mr. Slayton's injury.

A finding of fact was entered by the trial court, in pertinent part, as follows:

"1. Milton L. Slayton was employed by Fred Herndon on the 9th day of September, 1952. At that time the relation of employer and employee or master and servant as defined by the Workmen's Compensation Act of Alabama, existed between the parties. While so employed and engaged in the business of the respondent and while acting in the line and scope of his employment Milton L. Slayton met his death arising out of an accident and the accident arose out of and in the course of his employment.

"2. Milton L. Slayton left surviving him as his widow, the petitioner, Ruth H. Slayton, and two minor children each of whom is under the age of fourteen (14) years. Petitioner resides in the City of Marion, State of Alabama and the respondent, Fred Herndon, resides in the City of Eutaw, State of Alabama.

"3. Milton L. Slayton was engaged by respondent to complete electrical connections to facilities used in connection with a football field situated in the City of Eutaw, Alabama. While so employed and in the line and scope of his employment Milton L. Slayton climbed a wooden pole at said football field and while working thereon slipped and fell to the ground and as a proximate result thereof and in consequence thereof, Milton L. Slayton met his death.

"4. Respondent had prompt and immediate notice of the accident and death.

\* \* \* \* \* \*

"6. Ruth H. Slayton was solely dependent upon Milton L. Slayton as were the two minor children at the time of the death of Milton L. Slayton.

"7. Fred Herndon did not at all times employ as many as eight (8) employees in his business, but from time to time he did, during a given audit period employ eight (8) or more individuals, and for the audit period during which the accident occurred he employed more than eight (8) persons. He had, in fact accepted the provisions of the Workmen's Compensation Act of Alabama; he obtained and carried insurance for the benefit and protection

of his employees as provided by the Workmen's Compensation Act, and had been so carrying said insurance since 1947 with the same insurer, that he regularly paid the premium on said insurance and in so doing he paid an annual estimated premium to his insurance carrier, Employers Insurance Company of Alabama, Inc., which said insurer regularly audited the books and records of Fred Herndon and based his premiums for said insurance coverage upon the results of said audits.

"Fred Herndon listed Milton L. Slayton as one of his employees. His records reflect the payment of wages to Milton L. Slayton. The evidence before the Court is that said records were audited by his insurer and the insurance premium paid to said insurer was based upon payroll figures which included the wages paid to said Milton L. Slayton. The insurer paid medical benefits on behalf of several employees of Fred Herndon prior to the date of the death of said Slayton. In this instance it paid medical bills on his behalf as the employee of Fred Herndon.

"The said Fred Herndon accepted the provisions of the Workmen's Compensation Act; he so informed his employees and he had fully complied with the provisions of the Workmen's Compensation Act. The provisions of the Workmen's Compensation Act are applicable in this case in computing the benefits to which the widow and minor children of Milton L. Slayton deceased, are entitled.

\* \* \* \* \* \*

"10. A controversy has arisen as to the benefits to be paid under the Workmen's Compensation Act in this case.

"Conclusion of Law

"1. The Court has jurisdiction of this cause.

"2. The employment of Milton L. Slayton by Fred Herndon was under the Workmen's Compensation Act and his dependent widow with two minor children is entitled to the benefits provided by said Act.

\* \* \* \* \* \*

"Done this the 10th day of June, 1955.

"Emmett F. Hildreth
Circuit Judge"

While the trial judge found "during a given audit period (the defendant did) employ eight (8) or more individuals, and for the audit period during which the accident occurred, he employed more than eight (8) persons"; this cause was not briefed or argued in this court on the proposition that the deceased was automatically covered because the employer was regularly employing more than eight employees at the time of Mr. Slayton's death.

There seems to have been serious doubt in the minds of petitioner's counsel that they could meet the burden of proving that the defendant regularly employed eight or more employees. By amendment to her petition, petitioner, in effect, alleges that even though the defendant had not filed the notices required by § 274, Tit. 26 of the Code of Alabama 1940, with the Department of Industrial Relations and the Probate Judge of Greene County, he had, nevertheless, by his whole course of conduct clearly indicated an election on his part to accept the provisions of the Workmen's Compensation Act. And, that the rights of Milton L. Slayton and the liabilities of Fred Herndon were governed by the Compensation Act irrespective of whether or not the defendant was regularly employing eight employees at the time of Slayton's injury.

Further, in oral argument before this court, the petitioner definitely abandoned the position that there was coverage under the Workmen's Compensation Act because the defendant regularly employed eight or more employees.

Counsel for the plaintiff-appellee obviously considered that he had a stronger case in support of the position which he took in the amendment to his complaint. It is pointed out that the defendant had, several years

ago, procured a policy of insurance against claims under the Workmen's Compensation Act. That he had paid other employees according to the standards of the Act and had defrayed the medical expenses of the deceased in the present case. They further point out that the defendant testified from the stand that he conceived himself to be covered by the Compensation Act. And, that he had done everything that he "knew to do" to bring himself and his employees under the Act. There is other evidence in the case which will be discussed later that could have some bearing on this position of the petitioner.

Counsel both for appellant and appellee conceive that the question for decision before this court is:

"Whether the requirements of § 263 of Title 26, Code of 1940 (Pocket Part) for filing written notice with the Department of Industrial Relations and the Probate Judge by an employer who regularly employs less than eight employees, evidencing acceptance of the provisions of the Workmen's Compensation Act is mandatory or directory merely?"

However, we are of the opinion that the record presents another question for our consideration which is depositive of the cause. That is the question of estoppel.

The rights of Mr. Herndon's other employees are not here involved. We are concerned only with the defendant Herndon's liability to Mr. Slayton's widow. We find that, as between the defendant Herndon and Slayton, the defendant is estopped to deny that he was covered by the Workmen's Compensation Act at the time Slayton met his death in the line and scope of his employment. We find that Mr. Slayton had a right to rely on the assertions made to Mr. Herndon's agent, communicated to him, that the defendant had coverage under the Workmen's Compensation Law. That in reliance on these assertions, he accepted dangerous employment which resulted in his death. And, therefore, the defendant is estopped to deny the truth of his assertions that he had coverage.

There is also the defendant's own evidence that, after Mr. Slayton's death, he and his wife called on Mrs. Slayton and told her that he had coverage under the Workmen's Compensation Act. While we do not consider this evidence competent on the question of estoppel, it has some slight probative force on the question of the state of mind of the defendant at the time he made the assertions upon which the deceased relied.

The fact that the defendant had for a long time carried a policy of Workmen's Compensation Insurance, and that other employees had been paid at compensation rates under this policy, is further evidence that defendant considered himself covered at the time he made the assertions of coverage upon which Mr. Slayton acted.

Appellant makes the point that the policy of insurance should not be considered, as it was a "Standard Workmen's Compensation and *Employers' Liability Insurance Policy.*" The point being that as the policy provided for coverage under the Employers' Liability Act, as well as the Workmen's Compensation Act, it was not evidence that the defendant considered himself to have come under the provisions of the Workmen's Compensation Act. However, it must be remembered that the defendant testified from the stand that he considered himself covered and had done everything he knew to do to obtain coverage. Although the pleadings might not have specifically spelled out the issue of estoppel, the question of estoppel was at all times present in the cause. Compliance with the technical rules as to pleading is not required in actions under the Workmen's Compensation Act. Swift & Co. v. Rolling, 252 Ala. 536, 42 So.2d 6; DeBardeleben Coal Corp. v. Richards, 251 Ala. 324, 37 So.2d 121; Gadsden Iron Works v. Beasley, 249 Ala. 115, 30 So.2d 10; Sloss-Sheffield Steel & Iron Co. v. Watts, 236 Ala. 636, 184 So. 201; Randle v. Dumas, 229 Ala. 396, 157 So. 218; Alabama Concrete Pipe Co. v. Berry, 226 Ala. 204, 146 So. 271; Ex Parte National Pipe & Foundry Co., 213 Ala. 605, 105 So. 693.

We find all the elements necessary to invoking an estoppel present in the instant case. We further find that this principle has been applied in other jurisdictions in determining coverage under the Workmen's Compensation Law.

In L. E. Marks Co. v. Moore, 251 Ky. 63, 64 S.W.2d 426, 427, the Kentucky Court in dealing with its Compensation Act, said:

"Our Compensation Act is entirely voluntary in its character, and, before it is operative on an employer or employee, there must be an election on the part of such employer or employee to operate under the act. * * * However, we are of opinion that under the facts and circumstances of this case the appellant is estopped to deny that he had elected to and was operating under the act at the time the appellee was injured. * * *"

While the facts in the above case are dissimilar to the present case, the principle involved is the same.

The principle of estoppel as between employer and employee was also applied in the cases of Ramey v. Broady, 209 Ky. 279, 272 S.W. 740; and Ham v. Mullins Lumber Co., 193 S.C. 66, 7 S.E.2d 712.

On review by certiorari of judgment in workmen's compensation suit, the Supreme Court is not concerned with weight of evidence but merely whether there was any evidence to support finding. Wilson & Co. v. Curry, 259 Ala. 685, 68 So.2d 548; Tidwell v. Walker County Min. & Inv. Co., 256 Ala. 574, 56 So.2d 641; De-Bardeleben Coal Corp. v. Richards, 251 Ala. 324, 37 So.2d 121; Sloss-Sheffield Steel & Iron Co. v. Watts, 236 Ala. 636, 184 So. 201.

It follows that the judgment of the Circuit Court is due to be, and is hereby affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.