233 So.2d 511

**ALUMINUM WORKERS INTERNATIONAL**

**v.**

**Rubye CHAMPION.**

**8 Div. 17.**

Court of Civil Appeals of Alabama.

April 1, 1970.

Kenneth Shelton, Decatur, for appellee.

Eyster, Eyster & Key, Decatur, for appellant.

WRIGHT, Judge.

A writ of certiorari presents for our review a judgment entered by the Circuit

Court of Morgan County, Alabama, under the Workmen's Compensation Law (Title 26, Chapter 5, 1940 Code of Alabama, as amended). There are two principal questions presented. First: Should the widow and three minor children of the employee be denied death benefits under the Workmen's Compensation Law upon the ground that the employee was excluded from the provisions of the law under the following clause of Title 26, Section 263: "* * * persons whose employment at the time of the injury is casual, and not in the usual course of the trade, business, profession or occupation of the employer, * * *" Second: Did the trial judge improperly apply Title 26, Section 279(G), or abuse his discretion thereunder, in determining the average weekly earnings of the deceased for the purpose of computing compensation due.

 As in every workmen's compensation case coming for review before an appellate court, we must begin our consideration with the following well settled rules in mind. We will not review the weight or preponderance of the evidence. Pinto Island Metals Co. v. Edwards, 275 Ala. 351, 155 So.2d 304; Sloss-Sheffield Steel & Iron Co. v. Watts, 236 Ala. 636, 184 So. 201. When there is any legal evidence, or reasonable inference therefrom, to support the findings of fact by the trial court, such findings are conclusive and will not be disturbed on appeal. Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380; Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So.2d 270; United States Steel Corp. v. Danner, 263 Ala. 310, 82 So.2d 404.

The deceased employee, Bobby Earl Champion, was the husband of the plaintiff-appellee, Rubye Champion, and the father of three minor children at the time of the death. For a number of years he had been a regular employee of Fruehauf Corporation of Decatur, Alabama, and served as the president of Local #203 of the Aluminum Workers International Union. The Fruehauf Corporation had a written labor contract with Aluminum Workers International Union. There was in the contract a provision that the union could take company employees from the plant for the purpose of working for the International Union. Petitioner, Aluminum Workers International, had on occasion during the past two or three years taken the deceased from his regular employment and used him for union purposes. When so used, the union payed him the same hourly rate paid by the company, plus per diem, plus mileage when using his automobile. On the date of the injury, which resulted in his death, the deceased had been directed by the appellant's international representative to undertake certain activities in behalf of the union. There is no question in the evidence that he was performing under these instructions at the time of the injury which caused his death.

Upon hearing the evidence it was the finding of the trial court that the deceased's employment with appellant was "casual," but that the employment was in "the usual course of the trade, business, profession or occupation" of appellant and was thus compensable.

Appellant finds no fault with the holding of the trial court that the employment of the deceased was causal. However, it charges error, in the finding of the trial court that the employment was in the usual course of the business of appellant.

The clause from Title 26, Section 263, from which we quoted above, was discussed by the Supreme Court of Alabama in the case of Tuscaloosa Compress Co. v. Hagood, 229 Ala. 284, 156 So. 633 as follows:

"It will be noted our statute is of that class in which 'casual' and not in the 'usual course of the * * * business * * * of the employer' are used conjunctively. Both conditions must concur to exclude the employee from compensation. It may be said both terms are interrelated and together define a status of employment outside the field covered by our Compensation Law.

"Broadly speaking, the test is the relation of the employment in question to the general line of business in which the employer is engaged."

 It is thus clear that to exclude from coverage of the Workmen's Compensation Law an employee on the theory that he is not a regular employee, his employment must be *both* "casual" and outside "the usual course of the trade, business, profession or occupation of the employer." Under the decision of Tuscaloosa Compress Co. v. Hagood, supra, the trial court, after finding from the evidence that the deceased's employment with appellant was "casual," had the further problem of deciding from the evidence if the employment was within the usual course of the business of appellant.

 The undisputed evidence before the trial court on this question was that appellant's agent had directed the deceased to take off from his regular employment for at least two days and do certain things. He was to proceed from Decatur, Alabama to the homes of two individuals, pick up certain instruments, and meet the agent that evening in Lawrenceburg, Tennessee. He was informed there would be a meeting on that evening at Lawrenceburg and another meeting the following day at noon. These meetings were for the purpose of organizing or attempting to organize workers for membership in the Aluminum Workers International Union. The presence of the deceased had been specifically requested by interested persons in Tennessee.

With this evidence before it, and applying thereto the test set out in Tuscaloosa Compress Co. v. Hagood, supra, the trial court properly arrived at its finding that the employment of deceased was without the exclusion of the statute and thus compensable. We conceive of nothing more positively within the usual course of business of appellant than that of seeking to enlist new members and organize new locals.

Appellant takes issue with a finding of the trial judge in his judgment, but we think it so apt an inference and conclusion from the evidence and common knowledge of the workings of labor unions, that we adopt it and quote as follows:

"The matter of organizing local unions and working with prospective members of such organizations would seem to be one of the vital functions of any national labor union. So essential is the maintenance of the affiliated locals that it could be well said that the life of the mother organization depended upon it. It was in this type of work that the deceased was engaged at the time he met his death."

We are of opinion that the evidence is more than sufficient to establish that the employment of the deceased though "casual" was well within the usual course of business of appellant and compensable under the Workmen's Compensation Law. The trial court committed no error in so finding.

The second question presented for our review, was whether the trial court, from the evidence, properly determined the average weekly earnings of the employee for use as a basis of computing total allowable compensation under Title 26, Section 279(G).

 Preliminary to reaching its decision as to the average weekly earnings of the deceased employee, the court below discussed at length Section 279(G), its interpretation and application by the courts of this state. It cited the leading decisions of the Alabama Supreme Court, including County Coal Co. of Ala. v. Bush, 215 Ala. 25, 109 So. 151; Willis v. Storey, 268 Ala. 205, 105 So.2d 128; Garrison v. Woodward Iron Co., 210 Ala. 45, 97 So. 64. It is noted that the tenor of the decisions in these cited cases is that if the formulas for determining average weekly earnings set out in Section 279(G) are impracticable to apply in a particular case so as to arrive at a

just and fair result to both parties, much must be left to the sound judgment and judicial discretion of the trial court.

The trial court discussed at length the problems presented by the factual situation at hand, including the spasmodic nature and brevity of the employee's periods of employment by appellant. There was evidence before the court that the appellant's international representative, who hired the deceased, considered him, more or less, as a trainee for full time employment as a representative of the union. That same international representative was shown to be drawing an average weekly wage of $116.40. After due consideration of these matters the court below determined that it would use as a basis for determining a fair and reasonable average weekly earning for the employee, one of the methods or formulas set out in Section 279(G). That formula is found in the following quoted pertinent portion of said section:

"Where by reason of the shortness of the time during which the employee has been in the employment of his employer, or the casual nature or terms of the employment, it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks prior to the injury was being earned by person the same grade employed at the same work by the same employer, * * *"

With the figure $116.40 as the average weekly wage of a full time employee working for the same employer and experienced at his job, the court determined that the amount of $100 average weekly earning for deceased, as an inexperienced employee would be a fair and just amount.

In view of the principle of the decisions in the cases of Garrison v. Woodward Iron Co., supra, County Coal Co. of Ala. v. Bush, supra, H. C. Price Co. v. Lee, 249 Ala. 230, 30 So.2d 579, and Willis v. Storey, supra, applied to the evidence before the court below, we cannot hold that its finding was without its judicial discretion and not just and fair to both parties.

 It is well established that the Workmen's Compensation Law should be given a liberal construction to accomplish its beneficent purposes. Brunson Milling Co., Inc. v. Grimes, 267 Ala. 395, 103 So.2d 315; Benson-Jackson-Mathers Post No. 5106 v. Donaldson, 267 Ala. 60, 99 So.2d 688. It is further clear that the scope of review and the duty of this Court in a workmen's compensation case is simply to ascertain whether there was any legal evidence to sustain the conclusion of the trial court. If any reasonable view of the evidence supports such conclusion, then the judgment will not be disturbed. Title 26, Section 297, Code of Alabama 1940, as amended, Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204.

After review of the record in light of the errors charged by petitioner, we hold that they are not well taken and that the judgment of the trial court should be affirmed.

Affirmed.