328 So.2d 301

**Skeets PATTERSON and John B. Whitten, d/b/a Patterson and Whitten Motors, a partnership**

v.

**Verlon J. WHITTEN, as widow and as administratrix of the Estate of James Edward Whitten, Deceased.**

**Civ. 605.**

Court of Civil Appeals of Alabama.

Feb. 4, 1976.

Rehearing Denied Feb. 25, 1975.

---

1. See Rule 21, Alabama Rules of Appellate Procedure, and comments thereunder.

Thomas A. Smith, Jr., Cullman, for appellants.

**HOLMES, Judge.**

This is a workmen's compensation case. The Circuit Court of Marshall County found the issues in favor of appellee, the widow of the deceased employee and administratrix of his estate. The employer prosecutes this appeal from that judgment.

The issues for our determination are whether the evidence was sufficient to show that the deceased was in fact employed by the appellant; whether the accident which caused the employee's death arose out of and was in the course of any employment with the appellant; and whether the trial court erred in the amount of compensation awarded to appellee.

After a lengthy and well-tried proceeding, the trial court made the following specific findings:

1. "That James Edward Whitten, deceased, was an employee of Defendants on October 22, 1971 and for a time prior thereto."

2. "[T]hat James Edward Whitten, deceased, was involved in an accident on the 22nd day of October, 1971 at about 6:30 P.M. and that at the time of said accident, James Edward Whitten, deceased, was performing work out of and in the course of his employment."

3. "[T]hat James Edward Whitten, deceased, had an average weekly wage of $111.25 for Workmen's Compensation purposes, said determination being made from the wages of a person in the same grade, and employed by the same employer at the same work during the same period of time as which James Edward Whitten, deceased was so employed."

The appellant-employer, through an excellent brief, contends the evidence does not support the above findings of the trial court.

It is appropriate at this point to note the following statements made by our Presiding Judge Wright in *Aluminum Workers International v. Champion*, 45 Ala.App. 570, 572, 233 So.2d 511, 512:

"[I]n every workmen's compensation case coming for review before an appellate court, we must begin our consideration with the following well settled rules in mind. We will not review the weight or preponderance of the evidence. *Pinto*

*Island Metals Co. v. Edwards*, 275 Ala. 351, 155 So.2d 304; *Sloss-Sheffield Steel & Iron Co. v. Watts*, 236 Ala. 636, 184 So. 201. When there is any legal evidence, or reasonable inference therefrom, to support the findings of fact by the trial court, such findings are conclusive and will not be disturbed on appeal. *Kroger Co. v. Millsap*, 280 Ala. 531, 196 So.2d 380; *Hamilton Motor Co. v. Cooner*, 254 Ala. 422, 47 So.2d 270; *United States Steel Corp. v. Danner*, 263 Ala. 310, 82 So.2d 404."

I

■ Bearing the above principles in mind, we find there was sufficient evidence before the trial court to sustain its determination that the deceased, James Edward Whitten, was in fact employed by the appellant.

The appellant-employer is a partnership in the business of selling used cars. The deceased was driving a car recently purchased by the employer for sale when he was involved in a collision with another vehicle which took his life.

Several witnesses testified as to remarks made by John Whitten, one of the partners and the brother of the deceased.

These remarks were made at the hospital where the deceased was taken after the above mentioned accident, and at the deceased's home both immediately after his funeral and several days subsequent to it. As testified to by these witnesses, Whitten stated on these occasions that he had instructed the deceased to drive the automobile from its place of purchase in Huntsville to the deceased's home in Albertville, and then to drive it to work the next day at the partnership's place of business in Cullman. Whitten further stated that the deceased was employed by him as a car salesman; that he was paying the deceased $75 per week; and that the deceased's widow would receive his pay check.

There was additional testimony by the deceased's widow, appellee herein, that the deceased was working for the employer; had begun work the same week that he was killed; and prior to his death had picked up a car owned by the partnership in Birmingham and driven it home. Appellee further testified that Kenneth Patterson, a partner in the business, had told her at the funeral that her husband began work with the partnership the week of his death.

■ While there is ample testimony to the contrary, the above clearly supports the trial court's conclusion as to employment. As noted initially, this court does not review the weight or preponderance of the evidence, and when there is any legal evidence or reasonable inference therefrom in support of the trial court's findings, such findings are deemed conclusive on appeal.

II

The appellant-employer further contends that the accident which caused the death of the employee did not arise out of and occur in the course of his employment, as must be the case for the death to be compensable under the Workmen's Compensation Act. Tit. 26, § 253, Code of Ala. 1940. To support this contention, the employer cites the well-settled proposition that accidents which occur while an employee is traveling to and from work do not arise out of and in the course of his employment. He then points out that while there is an exception to this general rule when the transportation constitutes part of the consideration paid to the employee for his services, there is no evidence in the record that such an arrangement existed here.

The final argument is that the employee had deviated from the course of his employment when the fatal accident occurred, because he had intended upon reaching his home to watch his son play in a football game. It is clear that a deviation from the

course of employment may preclude compensation.

While the appellee has not favored this court with a brief, the tendencies of the evidence in this regard, as previously noted, are as follows:

The employee was instructed by his employer late one afternoon to proceed to Huntsville from his place of employment in Cullman. There he was to pick up the car recently purchased by the employer, use it to drive home to Albertville, and drive it to the car lot in Cullman the next day. While on the road between Huntsville and Albertville the employee was killed.

From these facts, the trial court concluded that the accident arose out of and in the course of the deceased's employment. Bearing in mind the aforesaid principles of review applicable to workmen's compensation cases, we agree with this conclusion.

■ We believe that the employee's instructions were, in effect, to take a specifically prescribed route in order to deliver the newly purchased automobile to the car lot in Cullman. There can be no question but that the delivery of the automobile would be in furtherance of the employer's business. Where an employee during his travel to and from work is engaged in some duty for the employer which is in furtherance of the employer's business, accidents occurring during such travel arise out of and in the course of the employment. *Union Camp Corp. v. Blackmon,* 289 Ala. 635, 270 So.2d 108. The rationale for this exception to the general rule is that ". . . the making of that journey . . . is in itself a substantial part of the service for which the worker is employed." Larson, *The Law of Workmen's Compensation,* § 16.00.

While the employee was in fact on his way home from work, and from the record apparently planned to attend his son's football game that night, we do not find these facts to be dispositive in view of the employer's instructions. To reiterate, the employee was instructed to take a specific route in delivering the automobile, which route included the employee's journey home from "work." We find the fact that the employee was so instructed to be determinative here.

■ The employee's journey could be construed as a dual-purpose one, in that the delivery of the automobile served a business purpose while the trip home from work was personal in nature. Accidents occurring during such journeys arise out of and in the course of employment if the trip involves performance of a service for the employer which would have necessitated a trip by someone if the employee had been unable to perform that service in connection with his personal journey. *Marks' Dependents v. Gray,* 251 N.Y. 90, 167 N.E. 181; Larson, *infra,* §§ 18.00, 18.21. In this instance, someone would have had to deliver the automobile if the employee had not been able to do so in connection with his trip home. Accordingly, if the journey be considered as having both a business and a personal purpose, we find the business purpose to be such that the accident arose out of and in the course of the employment.

### III

■ The appellant-employer's final contention, as noted earlier, is that the trial court erred in computing the average weekly wage of the deceased employee.

Tit. 26, § 279(G), Code of Ala.1940, provides that compensation shall be computed on the basis of the employee's average weekly earnings, and sets out methods of computation.

It is clear, as noted above, that the learned trial judge in his final judgment employed that portion of § 279(G) of the Code which reads as follows:

"Where by reason of the shortness of the time during which the employee has

been in the employment of his employer, or the casual nature or terms of the employment, it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, . . ."

The pertinent facts in this regard show that the deceased employee worked for less than one week. There was testimony that his wages at the time of his death were $75, and that he would in the future make more than $75 as a car salesman. Additionally, the only other salesman (other than the two owners of the business) made an approximate average weekly wage of $131.30. The trial court thus found that the average weekly wage of the deceased employee for workmen's compensation purposes was $111.25.

The appellant-employer contends that the trial court erred in using the comparative wage method in that the salesman whose wages were used was an experienced salesman, whereas the deceased employee had no sales experience.

Appellant further contends that since there was testimony that the deceased employee's wages were in fact $75 per week, this should be his actual average weekly wage.

While appellant's arguments have merit, we do not feel that the trial court was in error in following a method prescribed by the statute.

The deceased employee was employed a very short time, less than a week. The wages of a car salesman in the same business were used. While there is certainly some difference in experience, to wit, the compared salesman had worked for appellant-employer for approximately one and one-half years and had some general sales experience prior to that time, we cannot say the difference precludes the trial court from finding as it did. This is particularly so when the tenor of the Alabama decisions dealing with this code section seems to be that if the formulas set forth are impracticable to apply in a particular case so as to arrive at a result which is fair and just to both parties, much must be left to the trial court's sound judgment and judicial discretion. See *Aluminum Workers International v. Champion, supra; Willis v. Storey,* 268 Ala. 205, 105 So.2d 128; *Unexcelled Mfg. Corp. v. Ragland,* 52 Ala. App. 57, 289 So.2d 626.

We would be remiss in not commenting that this is a "close case." However, under the method of review by certiorari in workmen's compensation cases, we cannot say the evidence does not support the trial court's findings.

The case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.

## ON REHEARING

Able counsel for the appellants charges in his brief suppporting his application for rehearing that there is no testimony upon which to base a finding made in our original opinion. There, we stated that, " . . . the employee's instructions were, in effect, to take a specifically prescribed route in order to deliver the newly purchased automobile to the car lot in Cullman."

While another choice of words would perhaps be more appropriate, the following testimony found on pages 33–34 of the record is the basis for our statement:

"Q Would you tell the court what Mr. Whitten told you?

"A He came up to me and asked me how he was.

"Q How your husband was?

"A   Yes, sir, and then I said 'The doctor told me that he was going to die, that there's no chance for him.' And he said, 'Oh, my God; it's all my fault.' And I said, 'Well, John, why do you say this?' and he said, 'because I told him to come back that way, to drive the car home and bring it to work the next day, and had I not told him this, he wouldn't have been at the place of the accident.' "

There is also a not inconsiderable amount of additional testimony substantially identical to the above.

OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.

WRIGHT, P. J., and BRADLEY, J., concur.