THIGPEN, Judge.
This is a workmen’s compensation case.
Mary E. Brandon (Brandon) filed a workmen’s compensation claim against Humana Hospital, et al. (Humana), in which she alleged that while employed by Humana, and in the course of her employment, she was “seriously and permanently injured due to exposure to the Hepatitis B virus and development of Hepatitis B virus and arthritic condition over her entire body.” She further alleged that she “sustained a temporary total disability as well as permanent total disability to her whole body ...” and that “all of her injuries and damages arose out of and in the course of her employment and/or as a result of an occupational disease while employed with Defendants ...”
*951 Humana thereafter filed a motion for summary judgment based upon its belief that Brandon’s conditions were occupational diseases and thus barred by the applicable statute of limitations, Ala.Code 1975, § 25-5-117, in that her complaint herein was filed more than one year after the last payment for compensation. In support of its motion, Humana provided the affidavit of Celestine Lewis, a claims representative for Travelers Insurance Company, alleging that on or about September 23, 1988, Brandon was “allegedly stuck with a needle during a surgical procedure and subsequently allegedly contracted an occupational disease, i.e., Hepatitis B.” She further averred that the Travelers paid medical bills and temporary total disability benefits through April 24, 1989.
The record reveals that the complaint was filed December 19, 1990, more than one year after the last payment. Accordingly, Humana contends that the present claim is barred by Ala.Code 1975, § 25-5-117, and that Brandon’s complaint fails to aver that her injuries were caused by “an accident” as required in Ala.Code 1975, § 25-5-31, in order to perfect her right of action for damages under a two-year statute of limitations. Ala.Code 1975, § 25-5-80. As such, Humana alleges that her only claim is for an “occupational disease,” which is barred by the statute of limitations.
We disagree because this is form over substance. The Rules of Civil Procedure are to be construed liberally to effect the purpose of the rules, and, under the rule of liberal construction, every reasonable intendment and presumption must be made in favor of the pleader. B & M Homes, Inc., v. Hogan, 376 So.2d 667 (Ala.1979); Drummond v. Drummond, 466 So.2d 974 (Ala.Civ.App.1985). Even prior to the present rules, strict compliance with technical rules and procedures in a complaint was not required under the workmen’s compensation statute. Herndon v. Slayton, 263 Ala. 677, 83 So.2d 726 (Ala.1955). Because pleadings in a workmen’s compensation case are to be construed to serve its beneficent purpose, it is not necessary that the complaint be expressed in the words of the statute. Baggett v. Webb, 46 Ala.App. 666, 248 So.2d 275, cert. denied, 287 Ala. 725, 248 So.2d 284 (Ala.1971). Ala.Code 1975, § 25-5-110, specifies that a disease is
“... an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation or employment as a direct result of exposure over a period of time to the normal working conditions of such trade, process, occupation or employment. The term ‘occupational disease’ shall not include accidents ...”
The affidavit of Lewis is not sufficient for the trial court to conclude as a matter of law, that Brandon contracted Hepatitis B and arthritis as an occupational disease; however, the affidavit does acknowledge Brandon’s claim of being stuck with a needle during a surgical procedure. If established at trial, those facts could be sufficient to prove an accident within the meaning of the statute.
In viewing the pleadings and evidence most favorable to Brandon, there was not sufficient evidence for the trial court to conclude that the Hepatitis B virus and arthritis experienced by Brandon were the result of an occupational disease; accordingly, the judgment of the trial court is due to be, and is hereby, reversed, and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.