YATES, Judge.
Mary E. Brandon sued Humana Hospital-Huntsville (Humana) to recover additional workmen’s compensation benefits. Brandon was paid temporary total disability benefits for approximately ten weeks. Brandon alleges that, while employed by Humana, and in the course of her employment, she contracted and developed the Hepatitis B virus and that it in turn caused an arthritic condition. On June 3, 1991, the trial court granted summary judgment in favor of Humana. On March 13, 1992, this court reversed the trial court’s order and remanded the case. See Brandon v. Humana Hospital-Huntsville, 598 So.2d 950 (Ala.Civ.App.1992). On August 26,1992, following an ore tenus proceeding, the trial court denied her recovery. Brandon appeals.
We initially note that the standard of review in workmen’s compensation cases is two-pronged. This court must first look to see if there is any legal evidence to support the finding of the trial court. If such evidence is found, we then must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The trial court, on remand, entered an order stating the following:
“After consideration of all of the testimony, evidence and exhibits presented to the Court, the Court, while acknowledging that benefits of doubt in the testimony are to be decided in favor of the employee, is still of the opinion that there was not presented sufficient credible evidence to satisfy the Court to a legal measure of proof that the plaintiff sustained an injury by accident while in the employ of the defendant and that she suffers from any permanent partial loss of ability to earn as a result of a medical condition caused by an injury which she sustained by accident while in the employ of the defendant.”
The dispositive issue presented for our review is whether the trial court erred in finding that Brandon presented no evidence of causation between the injury she allegedly sustained while employed by Humana and her subsequent condition of arthritis. The trial court failed to find legal or medical causation. It is well settled that, in order for an injury to be compensable, an employee must establish both legal and medical causation. Hammons v. Roses Stores, Inc., 547 So.2d 883 (Ala.Civ.App.1989).
The record reveals that, in June 1988, Brandon began working for Humana as an operating room technician, handling instruments used in operating procedures. Later, she became a non-physician first assistant, assisting surgeons. In February 1989, Brandon was diagnosed with Hepatitis B. On February 15, 1989, an employer’s “first report of injury” was compiled by Ramona Sallis, the personnel assistant at Humana. Brandon alleges that her injury occurred on September 23,1988, when she was stuck with a needle while assisting a surgeon who was suturing a gunshot victim. Brandon testified that the day following the incident, she and Ken Padgett, the charge nurse, filled out an incident report. However, Connie Pool, the assistant director at Humana, testified that a *690 search was made to find any other documents or reports of the September incident and that none were located.
Dr. Wilhelm Tietke, a gastroenterologist, treated Brandon for hepatitis in February 1989. In April 1989, Dr. Tietke issued Brandon a “return to regular duty” slip. Brandon testified that, from April 1989 to the time of the hearing, she returned to regular duty in the operating room with both overtime and on-call duties. Brandon was paid workmen’s compensation benefits for several weeks following her hospitalization and before she returned to work. Celestine Lewis, a claims representative from Travelers Insurance Company, testified by affidavit that Travelers paid temporary total disability benefits for a period of ten weeks and four days in an amount totalling $2,346.56. The last such benefit was paid on April 24, 1989.
Dr. Tietke testified in his deposition that in February 1989, he diagnosed Brandon as suffering from Hepatitis B, an infection of the liver caused by a virus with an incubation period between six weeks and six months. Dr. Tietke testified that the Hepatitis B virus can be transmitted by a needle stick, if the needle has come into contact with an infected patient. In May 1989, tests he conducted showed that Brandon had recovered completely and that there was no ongoing hepatitis virus. Dr. Tietke went on to testify that Brandon first complained of arthritis-like symptoms in March 1990. His office notes contained the statement that he felt there was no relationship between her arthritis-like symptoms and her Hepatitis B virus since the arthritis occurred after the hepatitis. Dr. Tietke referred her to Dr. William J. Shergy, a rheumatologist, and Dr. Sammons, an orthopaedic surgeon.
Dr. Shergy testified in his deposition that when arthritis is related to hepatitis, the arthritis comes before the actual diagnosis of hepatitis. In August 1989, Dr. Shergy examined Brandon for multiple joint aches and pains. Dr. Shergy testified that Brandon suffered from rheumatoid arthritis and that Brandon was predisposed by her genetic background to contract this condition.
After a careful review of the record, we agree with the trial court that Brandon failed to produce sufficient evidence that her injuries were in fact caused by her work activities with Humana. As noted in the trial court’s order, Brandon could not remember the exact date of her needle puncture. On cross-examination, however, she testified that she believed the puncture resulted from a surgical procedure on September 23, 1988. Brandon was also unclear as to which hand was punctured. She claimed to have reported the incident on September 24, 1988, but a hospital representative testified that there was no record of such a report. Brandon produced no witnesses that she in fact gave notice of her injury. Furthermore, there was no evidence presented to indicate that the blood Brandon allegedly came in contact with during the surgical procedure was contaminated with the hepatitis virus; neither was there testimony that the Hepatitis B virus caused her arthritic condition. In fact, her doctors were of the opinion that her arthritis was genetic and was not caused by hepatitis. There was not sufficient evidence that Brandon suffered an injury on September 23, 1988, or that her present adverse condition was work related.
Accordingly, we find that there was legal evidence to support the finding of the trial court and that a reasonable view of such evidence supports the trial court’s judgment. Eastwood Foods, supra. The judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.