MADDOX, Justice.
This is a workers’ compensation case, and the question presented is whether the worker presented evidence that his employer had “actual knowledge” of his alleged work-related injury. The trial court found that the worker’s injury was work-related, and that he was totally and permanently disabled.
The trial court, in its order, stated that “Mr. Slimp testified that on the date of his accident, he notified his direct supervisor, Randy Gillis, that he had hurt his back that day,” and that “Mr. Gillis did not come to Court to deny Mr. Slimp’s testimony in this regard, nor was any testimony offered by deposition of Gillis to refute that testimony.” The trial court found, as a fact, that the employer had actual knowledge of the injury.
In its opinion, the Court of Civil Appeals set out pertinent portions of the trial court’s order finding that the employer had received actual notice of the injury. Nevertheless, that court reversed the judgment and remanded the cause, holding that the employer had not received adequate notice of the injury. In reversing, the Court of Civil Appeals said, in part:
“The employee has the burden of proving that the employer had notice or knowledge of the injury. Sloss-Sheffield Steel & Iron Co. v. Watts, 236 Ala. 636, 184 So. 201 *995 (1938). We find that Slimp failed to meet his burden. The most that can be adduced from the evidence in this case is that Slimp told his supervisor at some later time that he hurt his back. The evidence reveals that Slimp did not inform Nabisco of the work-related aspect of the injury until 11 months after the alleged injury occurred. The injury could have occurred at any time or any place. Nabisco did not have any information from which it could have inferred that Slimp’s injury was connected to his work activity.
“In its finding, the trial court shifted the burden to Nabisco to refute the notice requirement. Such was error in view of the fact that Slimp failed to meet his initial burden.”
Nabisco Biscuit Co. v. Slimp, 660 So.2d 991, at 993 (Ala.Civ.App.1993). In determining that the employee failed to meet his initial burden, the Court of Civil Appeals, citing James v. Hornady Truck Line, Inc., 601 So.2d 1059 (Ala.Civ.App.1992), recognized that “[wjritten notice [to the employer generally required by § 25-5-78, Ala.Code 1975] is not required where ... the employer had actual notice of the injury,” and that “[o]ral notice is sufficient to give the employer actual notice” if the employer is notified that the injury occurred within the scope of the employee’s employment.[1] 660 So.2d at 992. The Court of Civil Appeals opined:
“The fact that an employer is aware that the employee suffers from a malady or has medical problems is not, by itself, sufficient to charge the employer with actual notice. Russell Coal Co. v. Williams, 550 So.2d 1007 (Ala.Civ.App.1989). ‘If, however, the employer has some information connecting work activity with an injury, it may be put on reasonable notice to investigate further.’ Russell Coal Co.”
660 So.2d at 993.
After reviewing the arguments of the worker and those of his employer, and after reviewing the applicable law, we conclude that the Court of Civil Appeals erred in determining that there was not some legal evidence to support the trial court’s finding that the employer had sufficient notice to comply with the statute’s requirement of actual notice. The appellate standard of review is set out in Russell Coal Co. v. Williams:
“Because workmen’s compensation eases come before us on certiorari, our standard of review is very narrow and does not allow us to weigh the evidence. Cook v. Munn, 528 So.2d 881 (Ala.Civ.App.1988). Our review of the judgment ... is limited to ascertaining whether any legal evidence or reasonable inference therefrom supports the trial court’s findings of fact and whether the correct law was applied to such facts. Martin Industries, Inc. v. Dement, 435 So.2d 85 (Ala.Civ.App.1983). If conflicting testimony is presented, the findings of the trial court will be conclusive if there is any testimony to support them. DeHart v. Ideal Basic Industries, Inc., 527 So.2d 136 (Ala.Civ.App.1988).”
550 So.2d at 1010. Applying this standard of review, we find some testimony to support the finding of the trial judge; consequently, we hold that the Court of Civil Appeals’ conclusion that “Nabisco did not have any information from which it could have inferred that Slimp’s injury was connected to his work activity,” 660 So.2d at 993, is incorrect. The judgment is reversed and the cause is remanded for an order consistent with this opinion.
REVERSED AND REMANDED.
ALMON, SHORES, HOUSTON, KENNEDY, INGRAM and COOK, JJ., concur.

. In the James case, the Court of Civil Appeals specifically said:
“The purpose of written notice is to advise the employer that the employee received a specified injury, in the course of his employment, at a specified time, and at a specified place, so that the employer may verify the injury by its own investigation. International Paper Co. v. Murray, 490 So.2d 1228 (Ala.Civ.App.), remanded on other grounds, 490 So.2d 1230 (Ala. 1984). Written notice is not required where it is shown that the employer had actual notice of the injury. International Paper Co. Oral notice is sufficient to give the employer actual notice. International Paper Co.”
601 So.2d at 1060-61.