Howard E. Stevison (employee) filed a complaint against Qualified Personnel, Inc. (employer), seeking workmen's compensation benefits for an on-the-job injury which occurred during the employee's first week of employment. The employee also requested imposition of the statutory ten percent penalty against the employer for late payment of compensation. Although the employer had already paid some workmen's compensation benefits to the employee, a dispute between the parties existed as to whether further payments were due. After an ore tenus proceeding, the trial court issued its final judgment, in which its findings of fact and conclusions of law were embodied. The trial court found that the employee continued to suffer a temporary total disability due to injuries from the accident and ordered the employer to pay workmen's compensation benefits accordingly. The trial court, however, refused to impose the ten percent penalty for late payment. The employee brings this appeal.
On appeal, the employee raises two issues for our consideration. Initially, the employee contends that the trial court erred in refusing to impose the statutory ten percent penalty against the employer for its failure to pay compensation.
Section 25-5-59, Ala. Code 1975, provides a ten percent penalty where any installment of compensation payable is not paid, without good cause, within thirty days after it becomes due. We have held that good cause exists when there is a good faith dispute as to the employer's liability to its employee.Read News Agency, Inc. v. Moman, 383 So.2d 840
(Ala.Civ.App.), cert. denied, 383 So.2d 847 (Ala. 1980). Furthermore, inCrown Textile Co. v. Dial, 507 So.2d 522 (Ala.Civ.App. 1987), we found that good cause for withholding workmen's compensation payments existed where there was evidence that the employee's fall might have been caused by a condition not arising out of and in the course of his employment.
In the case at bar, the record reveals that the employer initially paid workmen's compensation benefits to the employee from May 9, 1988, through October 16, 1988. The employee's first treating physician, Dr. Andin C. McLeod, Jr., testified that in his opinion, the employee should have reached maximum medical improvement about three months after the injury. Apparently on the basis of Dr. McLeod's opinion, the employer discontinued further workmen's compensation payments to the employee. However, the employee was still suffering back pain and eventually sought treatment from a second physician, Dr. John McAndrew III. Dr. McAndrew testified that he performed a variety of tests, which led to *Page 1180 
the conclusion that the employee had suffered a herniated disc in his back.
The trial court, on its own initiative, appointed Dr. Joseph F. McGowin III to examine the employee. Pursuant to Dr. McGowin's opinion, the trial court found that the employee's back injury arose out of the accident. The trial court ordered the employer to pay additional temporary total disability compensation to the employee for the period of time in which no compensation had previously been paid and to continue payments for the duration of the employee's temporary total disability.
We find that the evidence in this case clearly shows that the delay in the employer's payment of workmen's compensation benefits to the employee was the result of a good faith dispute between the parties regarding the amount of workmen's compensation benefits due. Therefore, we find no error in the trial court's refusal to impose the ten percent penalty against the employer under these circumstances.
The second issue raised by the employee is whether the trial court erred in finding the employee's average weekly earnings to be $500.00.
Here, the record reveals that the employee sustained an injury during the first week in which he worked with the employer. Section 25-5-57(b) provides the method by which an employee's average weekly wage is to be computed under these circumstances. This section provides that:
 "Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained. Where by reason of the shortness of time during which the employee has been in the employment of his employer . . . it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the 52 weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district."
Ala. Code 1975, § 25-5-57(b). Furthermore, we note that the employee has the burden of presenting evidence for computation of his average weekly wage. Cook Transports, Inc. v. Beavers,528 So.2d 875 (Ala.Civ.App. 1988). Moreover, we have held that where the formulas for determining average weekly earnings set out above are impracticable to apply in a particular case so as to arrive at a just and fair result to both parties, much must be left to the sound judgment and judicial discretion of the trial court. Unexcelled Mfg. Corp. v. Ragland, 52 Ala. App. 57,289 So.2d 626 (1974); Aluminum Workers Int'l v. Champion,45 Ala. App. 570, 233 So.2d 511 (1970).
At trial, the employee offered into evidence the payroll records of several of the employer's other workers. The employer, however, asserted that the other workers whose records were being offered had either a great deal more seniority than this employee or were performing different tasks from those performed by the employee. The employer maintained that there were no other workers who were comparable to this employee both in tasks performed and time of service to the company. Although the trial court did not receive the payroll records of the other workers into evidence, the court did note in its findings of fact that it considered the wage records of the other workers in reaching a determination as to the employee's average weekly earnings.
The employee's payroll records indicate that his regular wage was $13.00 per hour, while his overtime wage was $19.50 per hour. During the one week in which the employee worked, he was paid for 24 regular hours and 9 overtime hours. His total gross pay for the week was $487.50. The payroll records of the other workers indicate comparable earnings, although the number of hours worked each week by each of the other workers often varies *Page 1181 
greatly from week to week. Therefore, we find no abuse of discretion in the trial court's assessment of the employee's average weekly earnings at $500.00.
After carefully reviewing the record in the case at bar, we find no error by the trial court in its failure to assess the ten percent statutory penalty against the employer for late payment of compensation, and no abuse of discretion in its assessment of the employee's average weekly earnings at $500.00. Therefore, this case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.