E. Wonette Shields (employee) filed a complaint against GTI Corporation (employer) in this workmen's compensation action. After an ore tenus proceeding, the trial court entered an order finding that the employee was permanently and totally disabled and that the average weekly wage was $229.26. The employee appeals, contending that the trial court erred in its determination of the average weekly wage. We affirm.
The record reveals that the employee began working as a temporary employee for the employer on November 9, 1988, and that she sustained an on-the-job injury on November 22, 1988. The employee was paid a total of $585.48 for the period of time that she was employed, just under two weeks. The employer reported the employee's average weekly wage as being $196.80, or $4.92 multiplied by forty hours. The employer's representative testified that overtime was high at the time the employee was hired and was not representative of the amount of overtime generated throughout the year. She further stated that the employer's plant at Hartselle, where the employee was employed, was in a start-up phase, having opened on June 20, 1988, and that, therefore, efficiency was low and overtime was high during the training of employees.
The employer recommended that the trial court use an average weekly wage, determined by multiplying the hours worked by another employee similarly situated by the wage earned by that employee for the fifty-two weeks from June 20, 1988, the start-up of the plant, to June 20, 1989. Then the number of overtime hours were multiplied by one-half of the hourly rate, and that amount was added to the original amount. The amount of the average weekly wage set by the trial court indicates that it accepted the recommendation. The trial court stated its reasoning in applying the wage of the similarly situated employee as follows:
 "In view of the shortness of the time that the [employee] worked at the [employer's] place of business, the temporary nature of her employment and the discrepancy in overtime pay during the initial start up period and beyond, the court finds that the average weekly wage of the similarly situated employee is more just and fair, and should be the true average weekly wage of the [employee]. The court therefore finds that the average weekly wage of the [employee] at the time compensation rate of $152.85." *Page 255 
The employee first contends that the trial court erred in admitting evidence of the hypothetical earnings of a similarly situated employee for a twelve-month period, of which seven months came after the employee's injury. She also contends that there was no legal evidence that using the actual hours and weeks worked by the employee was not just and fair to the employer. Finally, she contends that there was no evidence to support the trial court's finding of the earnings of a similarly situated employee.
Section 25-5-57(b), Ala. Code 1975, outlines the procedure for the computation of compensation and the determination of average weekly earnings as follows:
 "Compensation under this section shall be computed on the basis of the average weekly earnings. Average weekly earnings shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by 52, but if the injured employee lost more than seven consecutive calendar days during such period, although not in the same week, then the earnings for the remainder of such 52 weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained. Where by reason of the shortness of the time during which the employee has been in the employment of his employer or the casual nature of terms of the employment it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the 52 weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district. Whatever allowances of any character made to an employee in lieu of wages are specified as part of the wage contract shall be deemed a part of his earnings."
The employee claims that the trial court erred in admitting over objection, and then relying on, evidence that she claims is hypothetical and in considering earnings that were not for the fifty-two weeks preceding the injury. She states that the trial court should have calculated her average weekly wage by dividing her total wages of $585.48 by the one and six-sevenths weeks that she worked to arrive at an average weekly wage of $313.16.
The employer responds that the method used by the trial court considered the time records of a similarly situated employee making the same rate of pay. It further argues that the trial court used its discretion in considering wages paid during a period of time beyond the date of injury "to obtain a truer picture of the average weekly wage based on overtime hours that varied according to seasons." We agree.
This court has determined that "where the formulas for determining average weekly earnings set out [in the statute] are impracticable to apply in a particular case so as to arrive at a just and fair result to both parties, much must be left to the sound judgment and judicial discretion of the trial court."Stevison v. Qualified Personnel, Inc., 571 So.2d 1178,1180 (Ala.Civ.App. 1990). See also UnexcelledManufacturing Corp. v. Ragland, 52 Ala. App. 57,289 So.2d 626 (Ala.Civ.App. 1974), and Aluminum Workers Internationalv. Champion, 45 Ala. App. 570, 233 So.2d 511 (Ala.Civ.App. 1970).
In the present case the employer's plant had only been in operation for approximately five months, and the employee had been employed for less than two weeks. Based on the evidence that the amount of overtime was more during the start-up period and at that time of the year than it was during a later time and on the *Page 256 
short time of the employee's employment, we agree with the trial court's finding that the average weekly wage of a similarly situated employee is more just and fair.
We note that the statute provides for an alternative when the shortness of the time of the employee's employment makes it impracticable to compute the earnings and states that the average weekly wages for the period of fifty-two weeks prior to the injury should be considered. However, we hold that, in the present circumstance, because of the shortness of time that the plant had been in operation, the formula set out in the statute is impracticable to apply and that the decision of the trial court is allowed pursuant to the authority ofStevison.
The employee additionally claims that the employer should have presented evidence of another company for which she previously had worked and that it would have shown the true earnings of a similarly situated employee for the fifty-two weeks preceding the employee's injury. However, the employee, rather than the employer, has the burden of presenting evidence for computation of her average weekly wage. Stevison,571 So.2d 1178. She also claims that the average weekly wage should have included holiday pay and other fringe benefits that the other employee received. However, the evidence indicates that as a temporary employee the employee was not entitled to these benefits. Therefore, we find no error here.
Based on the above, the trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.