This is a workmen's compensation case.
On August 24, 1990, Fred Johnson (employee) sustained multiple injuries when a tree fell on him while he was working in the line and scope of his employment with Charles Henderson, d/b/a Henderson Logging (employer). The employee received temporary total benefits from August 24, 1990, through August 9, 1991, in the amount of $243.28 per week. From August 10, 1991, through October 1, 1992 (the date of the hearing), the employee received $167.59 per week in temporary total benefits.
In his complaint, the employee alleges that his average weekly wage at the time of his injury was in excess of $450. A hearing was held, and the parties stipulated that the only issues before the court were the amount of the average weekly wage and the degree of any residual disabilities from the injuries.
After a hearing, the court issued its order, finding that the employee "has totally and completely lost his ability to earn a living and as a result, is totally and permanently incapacitated from working and being retrained for gainful employment, and the Plaintiff is therefore totally and permanently disabled." The court also found that, based upon the evidence presented at the hearing, the employee had suffered a 100% total reduction in his earning capacity.
Further, the trial court found that the employee's average weekly wage was $325.00 per week and that the resulting compensation rate due the employee was $216.68 per week. The court found that the employee's life expectancy was 22.89 years or 1,190.28 weeks. Lump sum attorney fees were awarded in the amount of $30,879.66.
The employer appeals.
Initially, we address the question as to which standard of review applies to this case.
The employer contends that the new standard of review provided in the amended Ala. Code 1975, § 25-5-81(e), should apply to this case because the hearing was held after the effective date of the 1992 amendment to the workers' compensation act. However, the injury occurred prior to the effective date of the new standard of review. It appears to this court that the operative date of occurrence is the date of injury and, therefore, the prior standard of review applies in the instant case. U.S. Steel Mining Co. v. Riddle,627 So.2d 455 (Ala.Civ.App. 1993). See also, Ala. Code 1975, § 25-5-1, Code commissioner's note, Acts 1984.
The old standard of review for workmen's compensation cases is set out in Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991). It is a two-step process, in which the court will examine the record to determine if there is any legal evidence to support the findings of the trial court. Then the reviewing court will decide whether any reasonable view of the evidence supports the judgment of the trial court.
In its first issue, the employer contends that the trial court committed reversible error when it found $325 to be the employee's average weekly wage. Initially, we note that the determination of the average weekly wage is governed by Ala. Code 1975, § 25-5-57(b).
In the present case, the employee began working for the employer only seven weeks prior to his injury. The employee earned $2,800 during this seven-week period, for an *Page 490 
average weekly wage of $400. The trial court recognized, and the parties agree, that it would be inequitable to compute the average weekly wage using the employee's sevenweek work history with the employer because the evidence showed that this sevenweek period had generally good weather, allowing full employment. The trial court also recognized "that an individual employed as a logger will experience a number of weeks during the calendar year where the weather will be too inclement to allow wages to be earned."
The employer argues that the trial court should have used either (1) the 39-week period that the employee worked for his brother in the logging business in early 1990 as a basis for computing the average weekly wage or (2) the 52 weeks of wages earned by Lloyd Johnson, a comparable employee of the employer, who had the same rate of pay.
We note that § 25-5-57(b) provides, in part: "[a]verage weekly earnings shall mean the earnings of the injured employeein the employment in which he was working at the time of theinjury during the period of 52 weeks immediately preceding the date of the injury divided by 52. . . ." (emphasis added). The 39-week period that the employee worked for his brother in the logging business in early 1990 was not "in the employment in which he was working at the time of the injury."
Further, we note that the trial court found that it would not be fair or equitable to use the 52 weeks of wages earned by Lloyd Johnson because the employee worked more days and hours per week than the comparable worker. There was evidence that while Lloyd Johnson's rate of pay was the same as the employee, they had different jobs. Further, the evidence showed that the employee worked more days (including Saturdays) than Lloyd Johnson did.
This court has previously held that when it is impracticable to apply the formulas for determining average weekly wage so as to arrive at a just and fair result to both parties, it is left to the sound judgment and judicial discretion of the trial court. Stevison v. Qualified Personnel Inc., 571 So.2d 1178
(Ala.Civ.App. 1990).
The evidence indicated that the employee made $90 per day, that he worked five days per week when possible, and that he often worked on Saturdays. Further, the trial court took notice of the fact that loggers' wages are affected by the weather.
Under the facts and circumstances of this case, the determination of average weekly wages is not an "exact science," but is calculated on the evidence presented and the reasonable inferences therefrom. Consequently, we find no error on the part of the trial court regarding its determination of the employee's average weekly wage.
The employer's remaining issues deal with the award of a lump sum attorney's fee.
First, the employer contends that the employee could not maintain this action while receiving temporary total benefits which had not been "cut-off." We note that the employer cites no authority for this contention.
In this particular situation, the employee, through able counsel, filed his complaint, alleging, among other things, that a controversy had arisen regarding the correct amount of compensation due him. Further, the employee requested compensation for permanent partial or total disability. We found no prohibition against maintaining such an action.
The employer contends that because the employee did not receive any increase in his weekly compensation because of the lump sum attorney fees which were deducted from his award, this judgment should be reversed. The employer cannot complain merely because the employee did not receive an increase in his weekly compensation. 3 A. Larson, The Law of Workmen'sCompensation § 83.13(h) (1989).
We note that there was ample evidence to support the trial court's determination that the employee suffered a permanent and total injury. The evidence revealed that the employee was 52 years old at the time of trial and that he had a seventh-grade education. As a result of the accident, he received a skull fracture, damage to his face *Page 491 
and ear, and fractures of the neck, right shoulder, and left hip. He required surgery to his hip in August 1990 and August 1991 and surgery to his shoulder in July 1992. The independent medical examination revealed that he was limited in his physical abilities. Vocational experts testified at the trial. The vocational expert testifying on behalf of the employer admitted that the employee was extremely limited in his employability with his physical limitations.
Finally, the employer requests that this court require that the employee's attorney receive his fee on a weekly basis, to be paid as the employee receives his benefits. The employer contends that if the lump sum attorney's fee award is paid and then the employee dies or returns to work prior to the year 2015, the employer will have paid an attorney's fee in addition to the award of benefits.
The award of attorney's fees is governed by Ala. Code 1975, § 25-5-90, which provides, in part: "the judge . . . shall fix the fee of the attorney for the plaintiff for his legal services and the manner of its payment, but such fee shall not exceed 15 percent of the compensation awarded or paid." It has been held previously that to award a lump sum attorney's fee is not an abuse of the trial court's discretion. Ex parte St.Regis Corp., 535 So.2d 160 (Ala. 1988). Further, the attorney has already earned his fee regardless of subsequent changes. 3 A. Larson, The Law of Workmen's Compensation § 83.13(i) (1989).
Consequently, we find no error on the part of the trial court, as it was within its discretion to award the lump sum attorney's fees.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.