This is a workers' compensation case. Jerry Cochran sustained an on-the-job injury while employed by W.W. Dyar Sons, Inc., on September 13, 1993. Following an ore tenus proceeding, the trial court found Cochran to be permanently and totally disabled and unable to pursue gainful employment, and it awarded benefits accordingly.
The employer appeals, raising three issues: (1) Whether the trial court erred in rendering a judgment that awarded workers' compensation benefits, yet failed to make a specific finding of loss of earning capacity; (2) whether the trial court erred in finding that Cochran's average weekly wage was $400.00; and, (3) whether the trial court erred in finding Cochran 100% disabled.
The Workers' Compensation Act was amended in 1992 to alter the standard of appellate review, so as to provide that the trial court's findings of fact will not be reversed if they are supported by substantial evidence. Ala. Code 1975, §25-5-81(e)(1). The Alabama Supreme Court "has defined the term 'substantial evidence,' as it is used in Ala. Code 1975, §12-21-12(d), to mean 'evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' " Ex parte Trinity Industries, Inc., 680 So.2d 262,268 (Ala. 1996) (quoting West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989)).
The employer argues that the trial court erred in entering a workers' compensation judgment that failed to make a specific finding of loss of earning capacity. We disagree. The trial court found that Cochran suffered a permanent, total disability due to a work-related injury and determined in its final judgment that "Jerry Cochran is 100% vocational disabled."
The employer relies heavily on Tyson Foods, Inc. v. Calloway,568 So.2d 811 (Ala.Civ.App. 1990), in which this court reversed the trial court's award of workers' compensation benefits when the court had failed to find specifically whether the employee had sustained a loss of earning capacity. The facts of Tyson are distinguishable from those of this case. The employee in Tyson was found by the court to have sustained a permanent, partial disability.
A permanent, partial disability is compensable according to the employee's loss of *Page 529 
earning capacity. Section 25-5-57(a)(3)g., Ala. Code 1975, provides that an employee determined to be permanently, partially disabled because of a nonscheduled injury is entitled to benefits equal to two-thirds of the difference between his average weekly earnings at the time of his injury and the amount he is able to earn in his partially disabled condition.
No determination of a percentage of loss of earning ability is required to compute compensation benefits in cases of permanent total disability. See § 25-5-57(a)(4)a., Ala. Code 1975. The trial court found that Cochran suffered a permanent total disability due to a work related injury and determined in its final judgment that "Jerry Cochran is 100% vocational disabled."
Permanent total disability is defined in § 25-5-57(a)(4)d., Ala. Code 1975, as an injury or impairment that "permanently and totally incapacitates the employee from working at and being retrained for gainful employment." Thus, a loss of earning capacity is implicit in a finding of permanent total disability. We find no error in the judge's determination that Cochran had sustained a permanent total disability. As to this issue, we affirm.
The employer further argues that the trial judge erred in computing Cochran's average weekly wage to be $400. The record reflects that Cochran was injured while operating a jackhammer at the job site of a National Guard Armory on his first day of work. The procedure for computing compensation and determining average weekly wage in cases in which the employee has been employed for only a short time before the injury is as follows:
 "Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained. Where by reason of the shortness of the time during which the employee has been in the employment of his or her employer or the casual nature or terms of the employment it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the 52 weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no person so employed, by a person in the same grade employed in the same class of employment in the same district."
§ 25-5-57(b), Ala. Code 1975.
Further, this court has held that the burden is upon the employee to present evidence from which the court can compute his average weekly wage. Shields v. GTI Corp., 607 So.2d 253,256 (Ala.Civ.App. 1992) (citing Stevison v. QualifiedPersonnel, Inc., 571 So.2d 1178, 1180 (Ala.Civ.App. 1990)).
Cochran offered no evidence concerning the average weekly wage of a similarly situated employee, as required by the statute. See § 25-5-57(b), Ala. Code 1975. The only evidence Cochran presented to support the computation of his average weekly wage was his testimony regarding the amount of his expected future earnings in the event he continued to perform the same job, on a fulltime basis, that he was performing on the date of his injury. It is clear from the plain language of the statute that the average weekly wage is to be determined retrospectively. The pertinent part of the statute provides that the average weekly wage is computed according
 "to the average weekly amount which during the 52 weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no person so employed, by a person in the same grade employed in the same class of employment in the same district."
§ 25-5-57(b), Ala. Code 1975.
The statute clearly states that the average weekly wage is to be determined by using the time period "prior to the injury."Id.
The only evidence presented at trial regarding the earnings of a similarly situated employee, as required by the workers' compensation statute, was produced by the employer *Page 530 
when John Dyar testified that a general laborer at W.W. Dyar 
Sons would earn between $5.00 and $7.00 per hour. We note that Mr. Dyar also testified that the type of construction work Mr. Cochran was performing for W.W. Dyar Sons was available only in good weather.
In a similar case involving the same type of outdoor construction work this court found reversible error when the trial judge determined an average weekly wage without considering the variation in numbers of hours per work week caused by inclement weather. Collins v. Westmoreland,600 So.2d 253 (Ala.Civ.App. 1991). In reaching this conclusion, the court reasoned that the average weekly wage computed by the trial judge was unsupported by the evidence, because the figure represented "the maximum possible earnings rather than the average." Collins, at 256.
In this case, the trial court clearly committed reversible error in finding that Cochran's average weekly wage was $400.00. The method the court used to determine this amount was not determined in accordance with § 25-5-57(b), Ala. Code 1975, and the court failed to consider factors such as inclement weather, where the employee was involved in outdoor construction work.
Finally, the employer argues that the trial court erred in finding that Cochran was 100% vocational disabled. The employer cites no authority for this contention, but bases its argument on inconsistencies in the trial evidence. "[I]n making a determination as to the extent of disability, the trial court must consider all the evidence, including its own observations, and it is not bound by the testimony of experts." SouthernAluminum Castings Co. v. Whatley, 560 So.2d 1086, 1087
(Ala.Civ.App. 1990) (citing Genpak Corp. v. Gibson, 534 So.2d 312
(Ala.Civ.App. 1988)). In accordance with our standard of review in this case, we find the trial judge's assessment of vocational disability to be reasonably supported by the evidence elicited at trial.
Based on the above, the judgment is due to be affirmed in part and reversed in part. Accordingly, regarding the trial court's determination of Cochran's average weekly wage for purposes of computing workers' compensation benefits, we remand for further proceedings consistent with this opinion and §25-5-57(b), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., dissents.