On Application for Rehearing

CRAWLEY, Judge.
This court’s April 11, 1997, order of affir-mance without an opinion, issued pursuant to Rule 53, Ala.RApp.P., is withdrawn, and the following opinion is substituted therefor.
Mable Church (the “worker”) was injured on June 13, 1991, when the forklift she was operating at Uniroyal Goodrich Tire Company (the “company”) collided with a steel post. She reported to the infirmary, where she complained that she had injured the right side of her stomach when it came in contact with the forklift steering wheel. After a short while in the dispensary, according to the worker, she went to the break room to rest, eat, and take a Motrin tablet. According to the worker, her supervisor came to the break room to call her back to work. She alleges that when she stood up to return to work, she felt a sharp pain in her back. However, the medical records of the worker’s visit to the infirmary on June 13 do not indicate that she complained of a sharp pain in her back. In addition, her supervisor did not record or recall the worker’s complaint of back pain in connection with the June 13 injury. Dispensary records from June 15 do show that the worker complained of back pain twice that day and the cause of that pain is listed as vibration from “driving the robot that carries tires” to the warehouse; she left work after her second visit to the dispensary.
On June 16, 1991, the worker went to a hospital emergency room complaining of back pain. After an examination, she was diagnosed with a back strain. The worker returned to work, but she continued to complain of pain so debilitating that she could not perform her duties. The company referred her to Dr. Gabriel Fernandez, who examined her on June 24,1991.
According to Dr. Fernandez, the worker exhibited the same symptoms that she had exhibited in 1986, after another work-related back injury. After the 1986 injury, the worker returned to work sometime in 1988; however, at that time she was placed on light duty. Dispensary records show that several times between her return to work and her 1991 injury she complained of pain in her lower left back and of pain radiating into her leg. Dr. Fernandez’s June 1991 records show that he examined the worker and required her to perform a “straight leg raising test” and a “bow string test.” The results of these tests were normal, and Dr. Fernandez found no herniated disc. Instead, he noted that the worker was experiencing the symptoms of degenerative disc disease.
In September 1991, the worker was referred to Dr. Blair Behringer, who also had seen her after her prior back injury. Dr. Behringer required that the worker undergo an MRI to rule out the possibility of nerve *1000 root compression neuropathy; the test was normal. Dr. Behringer saw the worker twice in September and saw her again on October 3, 1991. None of his testing indicated that the worker had a ruptured or herniated disc.
The worker continued to have pain and decided to see Dr. Zenko Hrynkiw, a doctor recommended by a friend. Her appointment was for October 23, 1991. Dr. Hrynkiw performed a straight leg raising test on the worker. The test was positive. In addition, Dr. Hrynkiw also required the worker to undergo a myelogram, an MRI, a diseogram, and a CAT scan. The myelogram indicated that the worker had a ruptured or herniated disc. As a result, the worker underwent three back surgeries, including a back fusion.
The company does not dispute that the worker was involved in an on-the-job accident on June 13,1991. Nor does the company dispute that the worker suffered a herniated disc on October 23, 1991. However, it does dispute whether her herniated disc resulted from the June 13 accident.
Dr. Fernandez stated very emphatically in his deposition that the worker did not have a herniated disc when he saw her in June and July 1991. He also opined that the worker would be more susceptible to a disc herniation because she suffered from degenerative disc disease. In his deposition, Dr. Hrynkiw testified that he could not determine what caused the herniated disc, but that it could have been caused by the accident. In response to more cross-examination, he said in light of the results of the tests administered by Dr. Fernandez and Dr. Behringer, that the worker probably did not suffer the herniated disc as a result of the June 13 accident.
The worker sued for worker’s compensation benefits, alleging that she was permanently and totally disabled as a result of the June 13, 1991, injury. After a trial, the trial court entered a detailed order holding that she had failed to establish medical causation and denying benefits. From this denial of benefits, the worker appeals. We affirm.
Because the injury in this case occurred before the May 1992 amendments to our workmen’s compensation law, the controlling standard of review in this case is the standard stated in Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991). See Henderson v. Johnson, 632 So.2d 488 (Ala.Civ.App.1993) (the applicable standard of review is determined by the date of injury). This court will first review the record to determine if any legal evidence supports the trial court’s findings. Eastwood Foods, 575 So.2d at 93. If such supporting evidence is found in the record, this court will then decide whether a reasonable view of that evidence supports the trial court’s judgment. Id. Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence may have dictated a different outcome. Ex parte Veazey, 637 So.2d 1348, 1349 (Ala.1993). In addition, when the testimony presented to the trial court conflicts, that court has the duty to resolve those conflicts; and its findings are not to be disturbed on appeal unless they are unsupported by the evidence. Golden Poultry Co. v. Staggs, 660 So.2d 1348, 1352 (Ala.Civ.App.1995).
To prove her entitlement to workmen’s compensation benefits, the worker must prove causation — both legal and medical. See Patterson v. Clarke County Motors, Inc., 551 So.2d 412, 415 (Ala.Civ.App.1989).
“To establish legal causation, the [worker] must show that [she] was exposed to a risk or hazard to which [she] would not have been exposed had [she] not been performing [her] job.... To establish medical causation, the [worker] must show that the hazard or risk to which [she] was exposed was, in fact, a contributing cause of [her] injury.”
Patterson, 551 So.2d at 415; see also Ex parte Valdez, 636 So.2d 401, 404 (Ala.1994).
The trial court stated in its order: “The Court simply cannot find, based on the medical records and testimony presented to it, that the [worker] has carried her burden of proving to the court’s reasonable satisfaction that the herniated disc she undoubtedly was experiencing when she saw Dr. Hrynkiw on October 23, 1991, was causally related to the incident of June 13, 1991. To find otherwise, the court would simply have to disregard the clear- *1001 cut and emphatic opinions expressed by Dr. Fernandez as well as those expressed by Dr. HrynMw when asked to assume certain scenarios, which the court considers were phrased so as to fairly parallel the [worker’s] actual experience.”
After our review of the record, including the depositions of Dr. Hrynkiw and Dr. Fernandez, we find that the evidence supports the trial court’s finding that the worker’s herniated disc did not result from the June 13, 1991, accident. In addition, the evidence supports the trial court’s judgment denying benefits to the worker because she failed to prove medical causation. Therefore, the judgment of the trial court is affirmed.
ORDER OF APRIL 11, 1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result only.