702 So.2d 142 (1997)
SLAY TRANSPORTATION COMPANY, INC.
v.
William MILLER.
2960316.
Court of Civil Appeals of Alabama.
July 11, 1997.
Douglas L. Brown and P. Vincent Gaddy of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, L.L.C., Mobile, for appellant.
William L. Utsey and J. Perry Newton of Utsey, Christopher & Newton, Butler, for appellee.
*143 MONROE, Judge.
This is a workers' compensation case.
William Miller suffered a back injury on June 15, 1993, while working as a truck driver for Slay Transportation Company, Inc. Miller was off work for approximately three and one-half months after the injury, and then returned to work until September 15, 1994, when he injured his wrist and was off work because of that injury for the remainder of 1994. After recovering from his wrist injury, Miller as unable to return to work because his back condition had worsened. Miller sued Slay for workers' compensation benefits. At trial, the parties stipulated that Miller had been injured in the line and scope of employment, that he had given proper notice of the injury, and that he had been permanently and totally disabled as a result of the injury. The only issue presented to the trial court for its determination was Miller's average weekly wage. The trial court determined that Miller had earned an average weekly wage of $478 and entered a judgment based on that determination. Slay appeals.
Because the accident that is the subject of this case occurred after August 1, 1992, this case is governed by the new Workers' Compensation Act, which provides that "[i]n reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." § 25-5-81(e)(2), Ala.Code 1975. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996).
The employee has the burden of presenting evidence to allow for the computation of his weekly wage. Stevison v. Qualified Personnel, Inc., 571 So.2d 1178 (Ala.Civ.App. 1990). The computation of average weekly wages for the purpose of determining workers' compensation benefits is guided by § 25-5-57(b), Ala.Code 1975, which provides:
"Compensation under this section shall be computed on the basis of the average weekly earnings. Average weekly earnings shall be based on the wages, as defined in Section 25-5-1(6) of the injured employee in the employment in which he or she was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by 52, but if the injured employee lost more than seven consecutive calendar days during the period, although not in the same week, then the earnings ... shall be divided by the number of weeks remaining after the time so lost has been deducted."
Section 25-5-57(b) provides that, if the employment lasted for less than 52 weeks, then the following method of calculation is to be applied:
"Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained."
If that second method is unworkable, then a third method is provided:
"Where by reason of the shortness of the time during which the employee has been in the employment of his or her employer or the casual nature or terms of the employment it is impractical to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the 52 weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no person so employed, by a person in the same grade employed in the same class of employment in the same district."
§ 25-5-57(b), Ala.Code 1975. We have held that when it is impractical to reach a just and fair result by applying the formulas set out in § 25-5-57(b), the determination of the employee's average weekly wage is left to the sound judgment and discretion of the trial court. Henderson v. Johnson, 632 So.2d 488 (Ala.Civ.App.1993).
*144 Slay emphasizes the statutory language stating that the average weekly wage is to be determined by using the time "prior to the injury." § 25-5-57(b). Given this language, Slay contends that the trial court erroneously computed Miller's average weekly wage based on his earnings after the date of the injury. The trial court was presented with Miller's income tax returns for the years 1990 through 1994. Those returns indicated that Miller had not worked for Slay in 1992 and that he had worked for Slay only part of the year in 1993 and had worked for another company for a portion of 1993. He also testified that he missed three and one-half months of work in 1993. Thus, the trial court found that it could not accurately determine Miller's average weekly wage earned at Slay prior to the injury because he had not worked there for 52 weeks and because the evidence did not indicate how many weeks he had worked for Slay in 1993.[1] The court also found that there was no reliable information regarding the earnings of a similarly situated employee to allow it to determine Miller's average weekly wage based on that method. Because the trial court found it impractical to apply any of the formulas contained in § 25-5-57, it used Miller's post-injury earnings from the 37 weeks that Miller worked for Slay in 1994 to calculate his average weekly wage. Miller testified that, before November 22, 1993, he was paid $.80 per mile unloaded and $.95 per mile loaded and that after that date he was paid $.82 per mile unloaded and $.97 per mile loaded. Thus, Slay contends that Miller's post-injury earnings are not a reliable indicator of his earnings prior to his injury because, as Miller testified, his earnings increased in 1994.
Slay relies on this court's recent opinion in W.W. Dyar & Sons, Inc. v. Cochran, 693 So.2d 527, 529 (Ala.Civ.App.1997), in which we stated that "it is clear from the plain language of the statute that the average weekly wage is to be determined retrospectively." In Cochran, we found that an average weekly wage determination had not been made in accordance with § 25-5-57, when the trial court had based its determination on the employee's testimony as to the earnings he would have expected if he had continued working at the job he was doing when he was injured. Thus, we reversed the trial court's judgment and remanded the cause for a determination of wages in accordance with the statute. Id. at 529-30.
The present case is distinguishable from Cochran because, in that case, the only evidence to support the trial court's computation of weekly earnings was the employee's speculation as to what his earnings would have been had he continued his employment. In the present case, after the initial back injury, Miller's condition improved and he resumed his job and worked for several months. Therefore, there were actual earnings on which the trial court relied in determining Miller's average weekly earnings; those earnings formed a reliable basis from which to make that determination. Furthermore, although the parties agree on the date of the onset of Miller's back injury, his condition was not immediately permanently disabling, but gradually rendered him disabled. The fact that he returned to work for a substantial period of time makes the "date of injury" more uncertain for purposes of determining "pre-injury" earnings. Because of the unique circumstances presented in this case, and because of the lack of reliable evidence of Miller's average weekly earnings prior to his initial back injury, it appears that the trial court determined Miller's average weekly wage as best it could.
The dissent reasons that, because Miller did not present evidence to allow the trial court to compute his average weekly earnings pursuant to one of the formulas in the statute, the trial court had no basis for computing earnings. However, as stated above, the trial court is vested with discretion to determine an employee's average weekly wage by some method other than those formulas *145 provided in the statute if it is impractical to apply those formulas. Henderson, supra, at 490; Stevison v. Qualified Personnel, Inc., 571 So.2d 1178 (Ala.Civ.App.1990). The dissent argues that an employee's failure to present evidence to allow computation as provided in the statute is not a permissible reason to deviate from the statute. We note, however, that, were this the case, then, because the burden of proving wages is on the employee, there would never be a situation in which the trial court could compute wages in any method other than those provided in the statute. We decline to interpret previous caselaw in a way that would render meaningless that language that vests the trial court with discretion to compute wages in some way other than that legislatively prescribed. We believe that the beneficent purpose of the Workers' Compensation Act militates in favor of allowing the trial court to apply its discretion as it did in this case.
We hold that there was evidence to support the trial court's finding that it was impractical to fairly apply the formulas contained in § 25-5-57(b). We also hold that the trial court properly exercised its discretion in determining Miller's average weekly wage. The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.
THOMPSON, Judge, dissenting.
Miller had worked as a truck driver for 52 weeks immediately preceding his injury; the trial court should have, after making necessary adjustments for any time missed because of illness, calculated his average weekly wage using this time period. Ala.Code 1975, § 25-5-57(b), provides that the period of 52 weeks immediately preceding the injury should be used to calculate the average weekly wage. Where the employment before the injury has extended for less than 52 weeks, the statute provides that the average weekly wage shall be calculated by dividing the total wages by the amount of time worked. The statute provides an alternative in the event these methods are impracticable because of the brief length, or the casual nature, of the employment. This alternative permits the court to use the average weekly earnings of a similarly situated employee during the 52 weeks preceding the date of the injury.
In his final order, the trial judge rejected the first two methods offered by the statute, stating that Miller had not been employed by Slay for 52 weeks before the injury and that the court was unable to determine, from the evidence presented, exactly when Miller began to work for Slay. In addition, the judge rejected the alternative provided by the statute, stating: "There is no evidence before the court as to what a similarly situated person, employed at the same work as the plaintiff would have earned." I note that the burden is on the employee to present evidence from which the court can compute his average weekly wage. Shields v. GTI Corp., 607 So.2d 253 (Ala.Civ.App.1992). The failure of a claimant to present sufficient evidence to allow the judge to determine an average weekly wage in accordance with the methods set forth in the statute does not constitute sufficient grounds for deviating from the statute.
The trial court, after finding the statutory methods impracticable to use, computed Miller's average weekly wage by using higher, post-injury earnings. I find this to be in conflict with Ala.Code 1975, § 25-5-57(a)(4). Therefore, I respectfully dissent.
NOTES
[1] The dissent argues that, to comply with §25-5-57(b), the trial court should have calculated Miller's average wage by using the 52 weeks before the injury. The statute requires the computation to be based on wages earned "in the employment in which he or she was working at the time of the injury." Miller did not work for Slay, the employment in which he was injured, for 52 weeks prior to the injury; therefore, a computation based on Miller's earnings for 52 weeks preceding the injury would not be in compliance with the statute.