Miller had worked as a truck driver for 52 weeks immediately preceding his injury; the trial court should have, after making necessary adjustments for any time missed because of illness, calculated his average weekly wage using this time period. Ala. Code 1975, § 25-5-57(b), provides that the period of 52 weeks immediately preceding the injury should be used to calculate the average weekly wage. Where the employment before the injury has extended for less than 52 weeks, the statute provides that the average weekly wage shall be calculated by dividing the total wages by the amount of time worked. The statute provides an alternative in the event these methods are impracticable because of the brief length, or the casual nature, of the employment. This alternative permits the court to use the average weekly earnings of a similarly situated employee during the 52 weeks preceding the date of the injury.
In his final order, the trial judge rejected the first two methods offered by the statute, stating that Miller had not been employed by Slay for 52 weeks before the injury and that the court was unable to determine, from the evidence presented, exactly when Miller began to work for Slay. In addition, the judge rejected the alternative provided by the statute, stating: "There is no evidence before the court as to what a similarly situated person, employed at the same work as the plaintiff would have earned." I note that the burden is on the employee to present evidence from which the court can compute his average weekly wage. Shields v. GTI Corp., 607 So.2d 253
(Ala.Civ.App. 1992). The failure of a claimant to present sufficient evidence to allow the judge to determine an average weekly wage in accordance with the methods set forth in the statute does not constitute sufficient grounds for deviating from the statute.
The trial court, after finding the statutory methods impracticable to use, computed Miller's average weekly wage by using higher, post-injury earnings. I find this to be in conflict with Ala. Code 1975, § 25-5-57(a)(4). Therefore, I respectfully dissent.