742 So.2d 1258 (1999)
Ex parte Teresa S. FRYFOGLE.
(In re Teresa S. Fryfogle v. Springhill Memorial Hospital, Inc.).
1971916.
Supreme Court of Alabama.
May 7, 1999.
Rehearing Denied July 9, 1999.
*1259 Richard L. Watters, Mobile, for petitioner.
William R. Lancaster and J. Casey Pipes of Helmsing, Sims & Leach, P.C., Mobile, for respondent.
HOOPER, Chief Justice.
Teresa S. Fryfogle was employed by Springhill Memorial Hospital ("Springhill") as a registered nurse. She injured her lower left abdominal musculature while at work on July 14, 1995. She received treatment for her injury and, ultimately, surgery. Approximately two weeks after the surgery, Fryfogle began complaining of constant pain in her lower back and legs. She stated that sitting, walking, bending, lying down, and cold and heat exacerbated her pain and that nothing seemed to relieve it. Fryfogle has not been able to work since her accident. Before this accident, Fryfogle had been employed by other employers on a part-time basis.
In February 1996, Fryfogle filed a workers' compensation claim against Springhill in the Mobile Circuit Court. Following an ore tenus proceeding, the trial court entered an order determining that Fryfogle was 75% permanently and partially disabled and setting her average weekly wage at $475.14.
Fryfogle appealed, contending that the trial court had erred in determining that she was only 75% permanently disabled and in failing to consider wages she had earned from certain other employment when it was determining her average weekly wage. The Court of Civil Appeals affirmed. See Fryfogle v. Springhill Memorial Hospital, Inc., 742 So.2d 1255 (Ala. Civ.App.1998). This Court granted Fryfogle's petition for certiorari review.
In determining Fryfogle's average weekly wage for the 52-week period preceding the injury (see § 25-5-57(b), Ala. Code 1975), the trial court excluded the wages Fryfogle had earned from other employers during that period. Fryfogle *1260 argues that the Court of Civil Appeals erred in affirming the trial court's exclusion of those other wages. Fryfogle also contends that the Court of Civil Appeals erred in concluding that she was only 75% permanently disabled.
Because of the date of Fryfogle's injury, this case is governed by the 1992 Workers' Compensation Act. Under this new Act, an appellate court will not reverse a trial court's finding of fact if that finding is supported by "substantial evidence." Ala. Code 1975, § 25-5-81(e)(1). "Substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). See Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996), and § 12-21-12(d), Ala.Code 1975. After reviewing the evidence in the record, we conclude that the Court of Civil Appeals properly held that the evidence supports the trial court's finding that Fryfogle had suffered a 75% permanent loss of earning capacity.
The section of the Workers' Compensation Act that governs the computation of "average weekly earnings" is Ala. Code 1975, § 25-5-57(b), which provides:
"Compensation under this section shall be computed on the basis of the average weekly earnings. Average weekly earnings shall be based on the wages, as defined in Section 25-5-1(6) of the injured employee in the employment in which he or she was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by 52, but if the injured employee lost more than seven consecutive calendar days during the period, although not in the same week, then the earnings for the remainder of the ... 52 weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained."
Fryfogle was injured while working at Springhill. She also, during the 52 weeks preceding her injury, had occasionally worked part-time at Glen Oaks Nursing Center and at Mobile Infirmary Medical Center. Fryfogle argues that in calculating her average weekly wage, the trial court should have considered the wages she had earned at Glen Oaks and Mobile Infirmary during the 52 weeks before the injury.
Section 25-5-57(b) provides that "[a]verage weekly earnings shall be based on the wages, as defined in Section 25-5-1(6), of the injured employee in the employment in which he or she was working at the time of the injury." Fryfogle was employed full-time as a registered nurse with Springhill at the time of her injury. In order for an employee to recover workers' compensation benefits, the injury must result from "an accident arising out of and in the course of his employment." § 25-5-31. The Workers' Compensation Act defines the clause "injuries by an accident arising out of and in the course of the employment." That definition covers only workers "engaged in or about the premises where their services are being performed or where their service requires their presence as a part of service at the time of the accident and during the hours of service as workers." § 25-5-1(8). "[T]he phrase `in the course of his employment' refers to the time, place and circumstances under which the accident took place." Carraway Methodist Hosp. v. Pitts, 256 Ala. 665, 57 So.2d 96 (1952). At the time of her injury, Fryfogle was working on the premises, and under the employment, of Springhill. She was not injured on the premises, or under *1261 the employment, of Mobile Infirmary or Glen Oaks.
The Workers' Compensation Act requires that compensation be paid by an employer of an injured employee when that employee is injured "in the employment in which he or she was working at the time of the injury." § 25-5-57(b). Logically, an employee cannot be "engaged in or about the premises" of more than one employment at the time of the accident. § 25-5-1(8).
"The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp. v. Systems Engineering Assocs. Corp., 602 So.2d 344 (Ala.1992). The plain meaning of the various pertinent provisions of the Workers' Compensation Act is that the injured employee's "average weekly wage" is calculated by using the wages earned from the employer that directed the injured employee at the time of the injury. The plain language of the statute does not support Fryfogle's argument that the trial court should have considered her earnings from her part-time work with the other employers; it clearly suggests the court should not consider those earnings.
In considering this issue, the Court of Civil Appeals cited Henderson v. Johnson, 632 So.2d 488 (Ala.Civ.App.1993). In Henderson, the trial court had determined an average weekly wage for an employee who had worked only seven weeks for the employer in whose employment he was injured. The trial court, in calculating the average weekly wage, did not use the 39-week period during which the employee had previously worked for his brother in the same line of work. In Henderson, the Court of Civil Appeals reasoned that the wages the employee had earned while working in his brother's logging business were not relevant, because the employment with the brother was not "the employment in which he was working at the time of the injury." 632 So.2d at 490; see § 25-5-57(b). The same reasoning applies in this case. Fryfogle worked at separate part-time jobs in addition to her regular full-time employment. She was injured while working for Springhill, her regular full-time employer. The trial court, in calculating Fryfogle's average weekly wage, properly excluded from its calculations the wages Fryfogle earned from her part-time employers. These part-time earnings, like the earnings at issue in Henderson, were not earned "in the employment in which [the employee] was working at the time of the injury," as required by § 25-5-57(b).
At the time of her injury, Fryfogle had not been employed by Springhill for the statutorily suggested 52 weeks. However, if the § 25-5-57(b) formula for determining average weekly earnings cannot be applied to a particular case, then the determination of the average weekly wage is "left to the sound judgment and judicial discretion of the trial court." Aluminum Workers Int'l v. Champion, 45 Ala.App. 570, 233 So.2d 511 (1970). The trial court properly excluded the earnings from the part-time employers, and our review of the record does not indicate that the trial court otherwise abused its discretion in determining the average weekly wage. Therefore, the Court of Civil Appeals properly affirmed the trial court's judgment. The judgment of the Court of Civil Appeals is affirmed.
AFFIRMED.
MADDOX, HOUSTON, SEE, and BROWN, JJ., concur.
*1262 KENNEDY and COOK, JJ., concur in the result.
LYONS, J., recuses himself.
KENNEDY, Justice (concurring in the result).
I concur in the result of the majority opinion, which holds that in calculating an employee's average weekly wage Alabama considers only the wages earned at the place of employment where the employee was injured. I write only to note that several states have altered their workers' compensation laws to prevent the harsh result Alabama reaches in this kind of case.
As illustrated by the facts of this case, there are many industries in which employees are often employed part-time by two or more employers in the same field. To fully serve the remedial purposes of workers' compensation laws, several states have enacted provisions that would have a court include the earnings from all of the injured employee's regular employment, full-time and part-time, in calculating the employee's average weekly or daily wage. See, e.g., Minn.Stat. § 176.011(3) ("If, at the time of injury, the employee was regularly employed by two or more employers, the employee's earnings in all such employments shall be included in the computation of daily wage."); Me.Rev.Stat. Ann. tit. 39-A, § 102 (1998); N.Y. Work. Comp. Law § 14 (McKinney 1992). Other states have adopted the "concurrent similar employment doctrine"; they include only those wages from jobs that are similar in character, such as multiple jobs held concurrently in the field of nursing. See, e.g., Mercy Tidewater Ambulance Service v. Carpenter, 29 Va.App. 218, 511 S.E.2d 418 (1999); and First Virginia Banks, Inc. v. McNeil, 8 Va.App. 342, 381 S.E.2d 357 (1989) (including "earnings from two or more jobs that are `substantially similar,'" in interpreting Va.Code. Ann.1950, § 65.2-101 (1995), which includes the same defining language as Ala.Code 1975, § 25-5-57(b)).