The Etowah Circuit Court awarded David F. Smith workers' compensation benefits against his employer, Gulf States Steel, Inc. The employer appealed. The Court of Civil Appeals, on January 29, 1999, affirmed, without opinion. Gulf States Steel,Inc. v. Smith, (No. 2970915) ___ So.2d ___ (Ala.Civ.App. 1999) (table). We granted the employer's petition for certiorari review.
Gulf States raised two issues in its petition: (1) whether the circuit court erroneously considered injuries Smith suffered after he had incurred the original work-related injury, and (2) whether the circuit court erroneously awarded fees for nonauthorized medical treatment. We granted the petition solely to consider the issue whether the circuit court erroneously ordered Gulf States to pay unauthorized medical bills.
The unauthorized medical bills in question are in two sets, one dating from February 8, 1993, through October 15, 1997, and the other dating from February 15, 1993, through November 24, 1997. The first set of bills encompasses charges related to a vocational evaluation performed by Dr. Jack Bentley, charges totaling $1,350. The second set of bills includes charges for pain-management psychotherapy sessions Smith had with Dr. Bentley, charges totaling $5,490. The portion of the circuit court's order at issue reads: "The Court GRANTS Plaintiff's motion to tax as part of court costs Dr. Jack Bentley's bill for $6,765.00. See Exparte St. Regis Corporation, 535 So.2d 160 (Ala. [1988]) *Page 1124 Ala Code 25-5-90. The Defendant is responsible for Dr. Jack Bentley's bill."
Gulf States argues that it had no notice of Smith's psychotherapy sessions, and, therefore, should not be liable for paying Dr. Bentley's bill. Generally, an employer is not required to pay for medical treatment obtained by the employee without justification or notice to the employer. An employer may be required to pay for unauthorized medical services "`(1) [w]here the employer has neglected or refused to provide the necessary medical care; (2) [w]here the employer has consented to the selection by the employee; (3) [w]here notice of and request for alternative care would be futile; and (4) [w]here other circumstances exist which justify the selection of alternative care by the employee.'" Ex parte Grantham, 514 So.2d 1385, 1387
(Ala. 1987). (Quoting United States v. Bear Bros., Inc.,355 So.2d 1133, 1138 n. 2 (Ala.Civ.App. 1978).
Appellate review of a workers' compensation case is set out in § 25-5-81(e), Ala. Code 1975:
 "(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
 "(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence."
"`Substantial evidence' is defined as `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte Fryfogle, 742 So.2d 1258, 1260 (Ala. 1999) (quoting West v. Founders Life Assurance Co., 547 So.2d 870,871 (Ala. 1989).
The record contains no evidence indicating that Smith ever notified Gulf States that he was having psychotherapy sessions with Dr. Bentley. Smith presented no evidence to indicate that Gulf States would have denied authorization for pain-management psychotherapy sessions related to his original on-the-job injury. Therefore, Smith failed to show that any of the exceptions to the notice requirement apply to his case.
The circuit court erred in holding Gulf States responsible for Dr. Bentley's bill for the psychotherapy sessions in the amount of $5,490.
However, Dr. Bentley's bill for the vocational evaluation requires a different analysis. Under § 25-5-89, "`[t]axing of costs [in a workers' compensation case] is a matter within the trial court's discretion.'" Ex parte Ellenburg, 627 So.2d 398,400 (Ala. 1993) (quoting Universal Forest Prods. v. Ellenburg,627 So.2d 395, 397 (Ala.Civ.App. 1992)). The trial court's discretion is subject to Rule 54(d), Ala. R. Civ. P, which states: "Except when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." The circuit court taxed the fees of Dr. Bentley, as an expert witness, against Gulf States; this assessment was to the benefit of the prevailing party. Gulf States has failed to demonstrate that the circuit court abused its discretion by awarding as costs Dr. Bentley's fees as a vocational expert.
To the extent it affirmed that portion of the circuit court's judgment ordering Gulf States to pay Dr. Bentley's fees for providing psychotherapy sessions, the judgment of the Court of Civil Appeals is reversed. To the extent it affirmed that portion of the circuit court's judgment ordering Gulf States to pay Dr. Bentley's fees as a vocational expert, the judgment of the Court of Civil Appeals is affirmed. This case is remanded for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED. *Page 1125 
Hooper, C.J., and Maddox, Houston, See, Lyons, Brown, Johnstone, and England, JJ., concur.